# IN THE COURT OF APPEALS OF IOWA

No. 16-1641
Filed November 23, 2016

**IN THE INTEREST OF E.M.,**
**Minor Child,**

**J.H., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje (hearing), and Karen Kaufman Salic (termination order), District Associate Judges.

A mother appeals from the order terminating her parental rights. **AFFIRMED.**

Michael J. Moeller of Sorensen & Moeller Law Office, Clear Lake, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee.

David Allen Grooters, Mason City, for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

A mother appeals the order terminating her parental rights.[1] We find there is sufficient evidence to terminate her parental rights and no exception to the termination applies. We also find the juvenile court properly ruled on the termination pursuant to Iowa Rule of Civil Procedure 1.1802(2). We affirm.

## I. Background Facts and Proceedings

E.M. was born in August 2015, and tested positive for marijuana and methamphetamine at birth. E.M. was removed from the custody of the mother and father six days later, and no trial periods have ever been conducted in the home of either parent. The mother began outpatient treatment for drug use, but drug tests were consistently positive for at least six months. Despite sporadic participation, the mother completed outpatient substance-abuse treatment and began mental health treatment and medication, as well as beginning family-preservation court. Interactions with E.M. were appropriate, but drug tests were still positive.

In March 2016, the mother entered inpatient treatment, and successfully completed the program in April. After completing inpatient treatment she began outpatient treatment. The mother was unsuccessfully discharged after failing to attend sessions. Additionally, between April 7 and June 3, the mother missed a total of twelve drug tests. When she did take drug tests they were uniformly negative.

---

[1] The termination of the father's rights was bifurcated due to his inability to attend the original termination hearing.

The mother also stated that "[t]here's a lot being thrown at me right now and sometimes somebody does get tired once in a while of all the stuff that's going on that is being thrown at someone. . . . I'm doing everything that's possible right now for myself." The juvenile court noted the mother's obligations of outpatient treatment, family preservation court, counseling, and meetings with the Caring Pregnancy Center. When all totaled, and adding eight hours of visitation with E.M. per week, these obligations total less than twenty hours a week. The mother was offered additional visitation, which she has been unable or unwilling to exercise consistently. The mother does not work and has not worked for five years, depending on family to support her.

The termination hearing was held in June 6, 2016. Under Iowa Rule of Civil Procedure 1.1802(2), a new judge was assigned to the case. The mother's parental rights were terminated on September 14. The mother now appeals

## II.  Standard of Review

The scope of review is de novo in termination cases. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We give weight to the juvenile court's findings of fact, but are not bound by them. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). The highest concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Sufficiency of the Evidence

The mother claims there was insufficient evidence to support the termination of her parental rights pursuant to Iowa Code section 232.116(1)(h) (2015). In order to terminate parental rights under this section, (1) the child is three years old or younger, (2) the child must have been adjudicated in need of assistance, (3) the child must have been removed from the home for six of the last twelve months, or for the last six consecutive months with any period at home being less than thirty days, (4) the child cannot be returned to the home as provided in section 232.102.

The mother has tested negative for methamphetamine and marijuana for at least ninety five days. We find this three-month period of sobriety, while admirable, is not enough time to demonstrate a consistent effort to provide an appropriate environment for E.M. After many months of failing to respond to services provided to her, the mother was able to become sober during inpatient treatment. While she has maintained sobriety, she has again become, at best, sporadic in her use of services, cooperation with drug testing, and attendance of outpatient treatment programs. The mother does not work, lives with a roommate who used illegal drugs, and cannot support herself. We agree with the juvenile court that "it is clear that the child cannot safely be returned to the custody of Mother at this time, nor in the foreseeable future." The mother's efforts "are simply too late." *See C.B.*, 611 N.W.2d at 495. "The changes in the two or three months before the termination hearing, in light of the preceding . . . months, are insufficient." *See id.* We find the juvenile court properly terminated the mother's parental rights under section 232.116(1)(h).

## IV. Exceptions

We may decide not to terminate parental rights if any exception set out in Iowa Code section 232.116(3) is shown. The mother urges us to find the close bond between her and E.M. should preclude the termination of her rights. *See* Iowa Code § 232.116(3)(c). E.M. is thirteen months old, and has spent only six days in the care of the mother. During all six of these days, E.M. was hospitalized and was visited one hour a day, and "most of that time [was spent] arguing with Father." While testimony did reveal an emotional bond between E.M. and the mother, the pain caused by termination is less than that which returning E.M. to the mother is likely to cause. Additionally, as the juvenile court found, E.M. "has never been able to consistently rely on Mother to meet [E.M.'s] needs. . . . [E.M.'s] needs have been met by other persons, and they will continue to do that." E.M. has bonded with the foster family as well. We find the emotional bond between E.M. and the mother is not sufficient to overcome the likelihood of harm.

## V. Judicial Substitution

The mother claims the juvenile court deprived her of due process by allowing another judge to rule on the termination. The Iowa Rules of Civil Procedure allow the substitution of a judge during a period of disability. Iowa R. Civ. P. 1.1802(2). If, through the "review of the transcript", the substituting judge believes themselves capable of becoming "sufficiently informed to render a decision, the judge may do so." *Id.*

We are unconvinced error was preserved. The mother claims error was preserved by the filing of the notice of appeal.[2] No claim was made in the juvenile court and it is "fundamentally unfair to fault the [juvenile] court for failing to rule correctly on an issue it was never given the opportunity to consider." *DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002) (citation omitted). Additionally, even if we found this issue to be preserved, the juvenile court did not violate the rules of civil procedure. Finally, our supreme court has held terminations may be ruled upon under these circumstances with no violation of due process. *In re K.L.C.*, 372 N.W.2d 223, 226-27 (Iowa 1985). We therefore affirm the juvenile court.

**AFFIRMED.**

---

[2] A claim that filing the notice of appeal preserves error "is a common statement in briefs, [but] it is erroneous, for the notice of appeal has nothing to do with error preservation." Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (Fall 2006) (footnote omitted) (explaining that "[a]s a general rule, the error preservation rules require a party to raise an issue in the trial court and obtain a ruling from the trial court").