# IN THE COURT OF APPEALS OF IOWA

No. 16-0545
Filed June 7, 2017

**EUGENE C. RHINEHART,**
    Plaintiff-Appellant,

**vs.**

**MARSHALL COUNTY, IOWA, and MARSHALL COUNTY BOARD OF SUPERVISORS,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Marshall County, John J. Haney, Judge.

A retired county employee appeals a summary judgment ruling in favor of the county and its board of supervisors on his claim for unpaid wages. **AFFIRMED.**

Bruce E. Johnson and Robert C. Gainer of Cutler Law Firm, P.C., West Des Moines, for appellant.

Jason M. Craig of Ahlers & Cooney, P.C., Des Moines, for appellees.

Heard by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A retired county employee appeals a summary judgment ruling in favor of the county and its board of supervisors on his claim for unpaid wages.

## I.     *Background Facts and Proceedings*

The facts are essentially undisputed.  Eugene Rhinehart worked as a non-union jail supervisor in the Marshall County Sheriff's Office.  He requested a demotion to a unionized position of jailer to take advantage of a collective bargaining agreement provision that would have allowed him to cash out fifty percent of his 954 hours in accrued sick leave at the time of his expected retirement on June 30, 2014.  The sheriff tentatively approved the request subject to final approval by the Marshall County Board of Supervisors.  The board denied the request as well as Rhinehart's subsequent appeal.

Rhinehart eventually took a demotion to jailer and retired while in that position, but not before the board issued a memorandum of understanding prohibiting a sick leave payout if the demotion occurred within two years of retirement.  Rhinehart filed a grievance challenging the board's attempt to alter the collective bargaining agreement language.  The grievance was denied as untimely.

Rhinehart sued Marshall County and its board of supervisors under the Wage Claim Act seeking "unpaid wages" in the form of his forfeited sick leave payout.  *See* Iowa Code chapter 91A (2015).  Rhinehart alleged in part that once the sheriff approved his demotion, the board's action in denying his request "was an exercise of authority that exceeded the authority of the board granted under Iowa law and therefore was without effect."  He asked the court to conclude he

"would have been entitled to his sick leave payout if he had not been deterred by Defendants from retiring June 30, 2014, as he had intended."

Marshall County and the board filed a motion for summary judgment. They asserted "(1) the Court lacks subject matter jurisdiction to hear a critical component of [Rhinehart's] claim because the Public Employment Relations Board has exclusive jurisdiction over such aspect of [Rhinehart's] claim; and (2) the Collective Bargaining Agreement [(CBA)] in effect at the time of [Rhinehart's] retirement did not provide for the payment of sick leave under the circumstances of [Rhinehart's] retirement." Rhinehart also moved for summary judgment, asserting "[t]he [CBA] that was in force from July 1, 2011 through June 30, 2014, was in force when [the sheriff] made the decision to transfer [him] to a jailer position, and [he] had the right to be paid wages in the form of sick leave payout under that CBA." The district court granted the defendants' motion and denied Rhinehart's motion. The court reasoned that exhaustion of the CBA grievance procedures was necessary under Iowa Code chapter 20, the Public Employee Relations Act. Rhinehart moved for enlarged findings and conclusions, which the court denied. This appeal followed.

Rhinehart asserts (1) the sheriff "had statutory authority to transfer [him] from a jail supervisor position to a jailer (keeper) position, and the Marshall County Board of Supervisors exceeded its statutory authority when it acted to interfere with the sheriff's authority over that jail operational decision" and (2) "exhaustion of the CBA grievance procedures under section 20.18, Iowa Code, is not a condition precedent to a chapter 91A action in district court and therefore dismissal of [his] action and denial of motion for summary judgment was error."

We find it unnecessary to reach the second issue because resolution of the first issue is dispositive.

## II.    *Error Preservation*

Preliminarily, we address an error preservation concern.  The first issue—whether the board lacked statutory authority to countermand the sheriff's tentative approval of Rhinehart's request for a demotion—was raised by Rhinehart but was not decided by the district court.  Ordinarily, we only review issues that have been raised and decided.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).  If an issue raised by a party is not decided, the party must "request a ruling from the district court to preserve error for appeal."  *Id.* at 539.  Where a party makes a request and the district court "generally overrules the motion without addressing its specifics, error is preserved."  *Ellis v. City of Le Mars*, No. 11-1239, 2012 WL 1612003, at *6 (Iowa Ct. App. May 9, 2012).

Rhinehart's motion for enlarged findings and conclusions sought resolution of the statutory authority issue for error preservation purposes.  Specifically, Rhinehart asked the court to conclude that the board "unlawfully interfered with [the sheriff's] statutory authority over jail operation decisions."  The district court denied the motion.  By requesting a ruling and obtaining a denial, Rhinehart preserved error.  But, even if Rhinehart failed to preserve error by obtaining a decision on the merits, we may affirm the district court's decision on this alternate ground, as the defendants request, because the issue was raised in the district court.  *See DeVoss v. State*, 648 N.W.2d 56, 61 (Iowa 2002) ("We have in a number of cases upheld a district court ruling on a ground other than

the one upon which the district court relied *provided* the ground was urged in that court."). We proceed to the merits.

### III.    Board's Statutory Authority to Disapprove Rhinehart's Demotion

"Summary judgment is appropriate only when the moving party has demonstrated there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Homan v. Branstad*, 887 N.W.2d 153, 163 (Iowa 2016). Our review is for errors of law. *McKee v. Isle of Capri Casinos, Inc.*, 864 N.W.2d 518, 525 (Iowa 2015).

Rhinehart contends "the Board exceeded its statutory authority when it interfered with [the sheriff's] exclusive statutory authority over jail operations, which necessarily includes jail staffing decisions." He relies on Iowa Code section 356.1, which states "[t]he jails in the several counties in the state shall be in the charge of the respective sheriffs and used as prisons." From this language, Rhinehart argues the sheriff "thus has authority over jail operations including staffing decisions" and this authority is "exclusive."

To the contrary, the sheriff's authority over staffing decisions is not exclusive. Iowa Code section 331.652 sets forth the "General powers of the sheriff" and provides, in part: "Subject to the requirements of chapter 341A and section 331.903, the sheriff may appoint and remove deputies, assistants, and clerks." Iowa Code § 331.652(7). Section 331.903(1), in turn, provides:

> The auditor, treasurer, recorder, sheriff, and county attorney may each appoint, *with approval of the board*, one or more deputies, assistants, or clerks for whose acts the principal officer is responsible. The number of deputies, assistants, and clerks for each office shall be determined by the board and the number and approval of each appointment shall be adopted by a resolution recorded in the minutes of the board.

(Emphasis added.) This provision plainly requires board approval of certain sheriff hires.

In the face of section 331.903(1), Rhinehart maintains his work as a "[j]ailer ([k]eeper) or a [j]ail [s]upervisor" did not fall within the purview of section 331.903(1), requiring board approval, and he "has never been or performed the duties of a deputy sheriff." But Iowa Code chapter 356, on which he relies, nowhere exempts jailers or jail supervisors from board approval. And, arguably, those positions are subsumed within the term "assistants" in section 331.903(1). Notably, the form on which the sheriff "tentatively approved" Rhinehart's demotion contained a section requiring board approval. There is simply no factual or legal basis for concluding the sheriff alone possessed the authority to demote Rhinehart or, conversely, the board lacked authority to weigh in on the sheriff's decision. We conclude the board acted pursuant to statutory authority in disapproving the sheriff's demotion decision.

Having concluded the board was authorized to disapprove the tentative demotion, we need not reach the question of whether Rhinehart was obliged to timely exhaust collective bargaining grievance procedures with respect to the board's later decision to draft a memorandum of understanding purporting to amend the collective bargaining agreement. At the time of the board's initial disapproval decision, it is undisputed Rhinehart was not subject to the terms of any collective bargaining agreement and would not have been subject to those terms unless and until the demotion was approved.

Marshall County and the board of supervisors were entitled to summary judgment on the ground that the board possessed statutory authority to disapprove the sheriff's tentative demotion decision.  We affirm the district court's ruling on this alternative ground.

**AFFIRMED.**