Jodi A. DEVOSS, Appellant,

v.

STATE of Iowa, Appellee.

No. 00–0633.

Supreme Court of Iowa.

June 12, 2002.

Rehearing Denied Aug. 1, 2002.

Thomas H. Preacher, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, Cristen C. Odell, Assistant Attorney General, William E. Davis, Scott County Attorney, and Kelly G. Cunningham, Assistant County Attorney, for appellee.

LAVORATO, Chief Justice.

Jodi A. DeVoss appealed from a district court ruling denying her application for postconviction relief based on a claim of prosecutorial misconduct and a claim of ineffective assistance of counsel for failing to cross-examine the victim about the claimed misconduct. DeVoss also complained because the district court did not allow her to call the victim as a witness to establish the prosecutorial misconduct. We transferred the case to the court of appeals and that court affirmed. It did so on the grounds that DeVoss waived such claims because she did not raise them in her direct appeal of her robbery conviction.

We granted further review and now hold that the State waived any error preservation claim it had by failing to raise that claim in the district court. Upon reaching the merits, however, we agree with the district court that DeVoss failed to prove her claims of prosecutorial misconduct and ineffective assistance of counsel. Additionally, we find no prejudice in the district court's refusal to allow DeVoss to call the victim as a witness. Accordingly, we vacate the decision of the court of appeals

and affirm the judgment of the district court.

## I. Background Facts and Proceedings.

On July 16, 1996, a jury convicted DeVoss of first-degree robbery in violation of Iowa Code section 711.2 (1995). The district court sentenced her to an indeterminate twenty-five year term of imprisonment. The State charged two codefendants with first-degree robbery, second-degree sexual abuse, and going armed with intent. One codefendant pled to a lesser charge before trial. The jury convicted the remaining codefendant of first-degree robbery and second-degree sexual abuse but acquitted him of going armed with intent.

DeVoss appealed, challenging the sufficiency of the evidence and the trial court's refusal to grant her requested continuance three days before trial. The court of appeals affirmed the conviction in an unreported opinion filed November 25, 1997. The opinion did not preserve any issues for postconviction relief proceedings.

In March 1998, DeVoss filed a pro se application for postconviction relief. She alleged (1) ineffective assistance of counsel, (2) misrepresentation of counsel, and (3) lawyer incompetence. She claimed a "conflict of interest," "the prosecution knowingly used false evidence," and that "the court record did not support a finding of guilt beyond a reasonable doubt." The State filed an answer but did not raise the issue that DeVoss had not preserved these issues for postconviction relief proceedings by raising them in her direct appeal of her robbery conviction.

The district court heard the postconviction relief proceeding on January 19–20, 2000. At the hearing, DeVoss' postconviction relief counsel explained DeVoss' claims: (1) her trial counsel was ineffective for failing to file a motion to sever the defendants' trials in the case; (2) her trial counsel was ineffective for failing to call

her as a witness during the criminal trial; (3) the prosecutor engaged in prosecutorial misconduct by coaching the victim and main witness at trial, Kim Maggio; and (4) DeVoss' trial counsel was ineffective for failing to ask questions about the coaching during his cross-examination of Maggio.

DeVoss subpoenaed Maggio to testify at the postconviction relief hearing. During the hearing, the State reported to the court that Maggio had appeared at the county attorney's office on January 18, "very upset, very emotional about" receiving the subpoena. The State objected to calling Maggio as a witness in the postconviction relief proceeding. The district court initially reserved ruling on the issue but later during the hearing agreed to allow Maggio to testify as long as counsel limited the scope of questioning to whether the prosecutor improperly coached Maggio.

Maggio appeared at the courthouse on the first day of the postconviction relief hearing but could not be found when the time came for her to testify. The following morning, the State reported to the court that the day before, Maggio had become emotionally distraught over the proceedings and had left the courthouse. Further, Maggio had overdosed on a variety of substances and was subsequently hospitalized.

The State again urged the court not to allow Maggio to testify. The prosecutor in the postconviction relief proceeding (who was also the prosecutor in the underlying criminal trial) asked the court to allow another assistant county attorney to handle the remainder of the hearing so she could take the stand to testify about the coaching issue. DeVoss' attorney refused the offer, after which the court ordered a report from Maggio's psychiatrist about whether testifying would be harmful to Maggio. Following testimony from the State's only witness, the court .continued the hearing pending receipt of the psychiatrist's report. There is no record evidence that the report was ever received.

About a month later, the State filed a motion to quash the subpoena and an application for protective order. Following a hearing on the motion, the court denied DeVoss' application for postconviction relief, finding no ineffective assistance of counsel and no prosecutorial misconduct. The court found that DeVoss had failed to prove prosecutorial misconduct or resulting prejudice relating to the coaching issue. The court did not rule on the State's motion to quash the subpoena and issue a protective order. However, a close reading of the court's ruling indicates that is exactly what the court did.

DeVoss appealed, raising a number of issues. We transferred the case to the court of appeals.

The State, in its appeal brief, argued for the first time that DeVoss failed to preserve any of her postconviction relief claims because she failed to raise the claims on direct appeal of her conviction. The State admitted that it did not argue in the postconviction relief proceeding DeVoss' failure to preserve her postconviction relief claims, and the district court did not raise the error preservation issue in its ruling. However, the State urged the court of appeals to affirm based on *State v. Howard*, in which we said, "[w]e can uphold the trial court's ruling on any ground apparent in the record, whether urged at trial or ruled on by the trial court." 509 N.W.2d 764, 768 (Iowa 1993).

The court of appeals agreed with the State, concluding that DeVoss had not preserved her postconviction relief claims because she did not raise them on direct appeal. The court therefore did not address the merits of the claims.

We granted DeVoss' application for further review.

## II. Issues.

On further review, we first address error preservation in postconviction relief proceedings. Specifically, we must determine whether the State must raise in the district court the issue of a petitioner's failure to preserve postconviction relief claims because such claims were not raised on direct appeal. DeVoss contends the State, by failing to raise the issue in the district court, waived its claim that DeVoss failed to preserve her postconviction relief claims.

If we decide the State waived any error preservation claim it had by failing to raise it in the district court, we must turn our attention to several other issues. The first issue we must decide is whether the district court erred in finding DeVoss' trial counsel was not ineffective for failing to cross-examine Maggio about the coaching issue. In deciding this issue, we must necessarily determine whether DeVoss established prosecutorial misconduct. A closely related issue is whether the district court abused its discretion in not allowing DeVoss to call Maggio as a witness.

## III. Scope of Review.

■ We review postconviction relief proceedings for errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

## IV. Error Preservation.

DeVoss contends that implicit in the State's argument is that error preservation is a burden that falls on postconviction relief applicants and not upon the State. DeVoss argues that the burden of error preservation should fall on both parties. For reasons that follow, we agree with DeVoss.

**1. Background.** Because there are some inconsistencies in our cases, we think a review of error preservation as developed over the years by this court would aid our analysis. The underlying reasons for the error preservation requirement have been well-summarized:

> Trial courts must be afforded the opportunity to avoid or correct error in judicial proceedings. Similarly, appellate courts must be provided with an adequate record in reviewing errors purportedly committed during trial. This perforce requires that counsel make timely and sufficient motions or objections upon which trial judges may rule. Absent such actions, an appellate court has nothing to review. Simply stated, counsel must take necessary measures to construct a record in order to preserve error for appellate review.

Robert G. Allbee and Kasey W. Kincaid, *Error Preservation in Civil Litigation: a Primer for the Iowa Practitioner*, 35 Drake L.Rev. 1, 2 (1985–86).

■ Error preservation is based on principles of fairness:

> [I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.

5 Am.Jur.2d *Appellate Review* § 690, at 360–61 (1995).

Long ago, this court held that it would not decide a case based on a ground not raised in the district court. *Kriv v. Northwestern Sec. Co.*, 237 Iowa 1189, 1195, 24 N.W.2d 751, 754 (1946). The court said:

> Perhaps the court might have entered judgment as prayed in the motion [for

summary judgment] because plaintiff failed to file resistance within ten days. (The court allowed no further time for filing such resistance.) However, so far as shown, defendants sought no relief in the trial court because of delay in filing plaintiff's resistance; the trial court's ruling was not placed upon such ground and we do not feel justified in deciding the case on a question apparently not raised in the court below.

*Id.* (citation omitted).

Our cases have been consistent in applying the *Kriv* rationale and requiring error preservation in such matters as motions to dismiss, motions for directed verdicts, motions for judgments notwithstanding verdicts, and objections to instructions. *See, e.g., Molo Oil Co. v. River City Ford Truck Sales, Inc.,* 578 N.W.2d 222, 224 (Iowa 1998) ("A judgment notwithstanding the verdict must stand or fall on the grounds stated in the motion for directed verdict."); *Grefe & Sidney v. Watters,* 525 N.W.2d 821, 824 (Iowa 1994) (A specific objection to jury instructions, if *overruled,* cannot avail the objector on appeal except as to the ground specified.); *Winneshiek Mut. Ins. Ass'n v. Roach,* 257 Iowa 354, 365, 132 N.W.2d 436, 443(1965) ("We have held many times the sustaining of a motion to dismiss will not be approved here upon a ground not asserted in the trial court."); *Bartels v. Cair–Dem, Inc.,* 255 Iowa 834, 845, 124 N.W.2d 514, 521 (1963) ("We are committed to the rule that a directed verdict will not be upheld upon appeal on a ground not asserted in the trial court."). Iowa Rule of Civil Procedure 1.924 (formerly rule 196) codifies the error preservation requirement as to jury instructions. *See* Iowa R. Civ. P. 1.924 ("[n]o other grounds [but those raised to the district court] ... shall be ... considered on appeal").

We have in a number of cases upheld a district court ruling on a ground other than the one upon which the district court relied *provided* the ground was urged in that court. *See, e.g., Interstate Power Co. v. Ins. Co. of N. Am.,* 603 N.W.2d 751, 756–58 (Iowa 1999) (upholding summary judgment ruling based on lack of timely notice required under insurance policy, a ground urged in the district court but not relied on by that court); *Iowa Tel. Ass'n v. City of Hawarden,* 589 N.W.2d 245, 252–56 (Iowa 1999) (upholding summary judgment ruling based on statute urged in the district court but not relied on by that court); *Regent Ins. Co. v. Estes Co.,* 564 N.W.2d 846, 848–49 (Iowa 1997) (upholding summary judgment ruling based on interpretation of insurance policy urged in the district court but not relied on by that court); *Estate of Voss,* 553 N.W.2d 878, 879 (Iowa 1996) (upholding district court ruling dismissing tort action against the state based on failure to exhaust administrative remedies because of plaintiff's lack of capacity to make a claim for wrongful death of her son against the state at the time of filing the claim, a ground urged in the district court but not relied on by that court); *Krohn v. Judicial Magistrate Appointing Comm'n,* 239 N.W.2d 562, 563 (Iowa 1976) (upholding a district court's dismissal of an appeal to district court based on a statute urged in the district court but not relied on by that court).

We have likewise applied the rule in reversing a district court ruling. *See Fencl v. City of Harpers Ferry,* 620 N.W.2d 808, 811–12, 818–19 (Iowa 2000) (reversing district court ruling quieting title in city and remanding for entry of judgment quieting title in plaintiff based on equitable estoppel, a ground plaintiff urged in the district court but not considered by that court).

In these cases, we have used language to the effect that "we may affirm the ruling on a proper ground urged but not relied upon by the trial court." *Krohn*, 239 N.W.2d at 563. Or, "a successful party in the district court may, without appealing, save the judgment in whole or in part based on grounds urged in the district court but not included in that court's ruling." *Interstate Power Co.*, 603 N.W.2d at 756. Or, "we may affirm 'on any basis appearing in the record and urged by the prevailing party.'" *Hawarden*, 589 N.W.2d at 252 (quoting *Voss*, 553 N.W.2d at 879 n. 1). Or, "[a]lthough we disagree with the theory upon which the district court granted summary judgment, the motion was nonetheless properly sustained based on an alternative ground that had been presented to the district court." *Regent Ins. Co.*, 564 N.W.2d at 848.

In some of our cases we do not specifically refer to upholding a ruling on a ground urged in the district court but not relied on by that court. Rather, in those cases, we have used language to the effect that we would affirm if there is a proper basis for the ruling entered by the district court. *See, e.g., Israel v. Farmers Mut. Ins. Ass'n of Iowa*, 339 N.W.2d 143, 146 (Iowa 1983). A close examination of those cases, however, reveals that the basis this court relied on was actually urged in the district court. *See id.* (upholding district court ruling dismissing plaintiff's action for indemnity based on issue preclusion, a ground urged in the district court but not relied on by that court).

■ Notwithstanding our error preservation requirement, we have consistently applied an exception to it. That exception applies to evidentiary rulings, whether the error claimed involved rulings admitting evidence or not admitting evidence. *See, e.g., Aller v. Rodgers Mach. Mfg. Co.*, 268 N.W.2d 830, 840 (Iowa 1978) ("Here, de-fendant's objection was sustained; therefore, the ruling will be upheld if the evidence could be held inadmissible on any theory, even though not urged in the objections."); *State v. Hinkle*, 229 N.W.2d 744, 748 (Iowa 1975) ("We further note our rule there is no reversible error if trial court's ruling which admitted the evidence in controversy may be sustained on any ground."). Perhaps, one reason for the exception is the realization that on retrial the error could easily be corrected. So for judicial economy purposes and to advance finality, we ignore the error preservation requirement.

■ This exception, however, crept into a case involving a substantive issue, creating the inconsistency we previously mentioned. *See Bensley v. State*, 468 N.W.2d 444, 445 (Iowa 1991). In *Bensley*, we said we were dealing with a subject matter jurisdiction issue. *Id.* Subject matter jurisdiction is an issue that can be raised at any time. *Bailey v. Batchelder*, 576 N.W.2d 334, 337 (Iowa 1998). So it was not necessary for us to say—as we did—that we could "uphold a trial court's ruling on any ground appearing in the record, whether urged in the trial court or not." *Bensley*, 468 N.W.2d at 445.

In *Howard*—the case upon which the State relies—we cited *Bensley* in upholding a district court ruling, stating that "[w]e can uphold the trial court's ruling on any ground apparent in the record, whether urged at trial or ruled on by the trial court." *Howard*, 509 N.W.2d at 768. In *Howard*, the State had actually urged in the district court and on appeal the very ground upon which we relied to affirm the district court's ruling. *See id.* So it was not necessary for us to rely on the broad language in *Bensley*.

We also cited *Bensley* in *Sievers v. Iowa Mutual Insurance Company*, for the proposition that the appellate court can uphold

a trial court's ruling on any ground appearing in the record, *whether urged in the trial court or not.* 581 N.W.2d 633, 636 (Iowa 1998). We did so to uphold a district court's summary judgment ruling dismissing plaintiff's action. It was unnecessary for us to cite *Bensley* in *Sievers,* however, because the ground upon which we affirmed was actually urged in the district court. *See id.*

■ Because error preservation is based on fairness, we think *both* parties should be bound by the rule. Ordinarily, we attempt to protect the district court from being ambushed by parties raising issues on appeal that were not raised in the district court. We see no reason why we should not apply the same rationale to the parties themselves. That is, one party should not ambush another by raising issues on appeal, which that party did not raise in the district court. To that end, we hold that we will not consider a substantive or procedural issue for the first time on appeal, even though such issue might be the *only* ground available to uphold a district court ruling. We disavow language to the contrary in *Bensley* and other cases citing *Bensley.* Our holding, however, does not apply to evidentiary rulings, as we previously discussed. We will continue to honor the exception involving such rulings.

2. **Analysis.** Iowa Code section 822.8 requires postconviction relief applicants to raise all grounds for relief available to such applicants in their original, supplemental, or amended applications. Iowa Code § 822.8 (1997). This provision provides an exception where "the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application." *Id.*

■ In *Bugley v. State,* we interpreted section 822.8 "to impose a burden upon a postconviction applicant to show sufficient reasons why any ground for relief asserted in a postconviction relief petition was not previously asserted on *direct appeal.*" 596 N.W.2d 893, 896 (Iowa 1999) (emphasis added). Not only must the applicant show sufficient reasons for not properly raising such issues on appeal, but the applicant must also demonstrate actual prejudice resulting from the alleged error. *Osborn v. State,* 573 N.W.2d 917, 921 (Iowa 1998).

■ Unquestionably, the State could have urged in the district court DeVoss' failure to raise in her direct appeal her ineffective-assistance-of-counsel claim regarding her trial counsel's failure to pursue the coaching issue at the original trial. The State's failure to do so waives DeVoss' failure to comply with section 822.8, allowing us to proceed to the merits of DeVoss' postconviction relief claims.

## V. Postconviction Relief Claims.

On the pertinent issues here, DeVoss' counsel explained to the postconviction relief court that the prosecutor engaged in prosecutorial misconduct by coaching Maggio, and DeVoss' trial counsel was ineffective for failing to ask questions about the coaching during his cross-examination of Maggio. Counsel explained that there was a very close relationship between the prosecutor and Maggio, which was very apparent during pretrial depositions and during trial. As far as the depositions were concerned, DeVoss' counsel pointed out that during those depositions, "there were multiple conferences . . . in between the pending question and the answer given." Counsel insisted that the only way that he could effectively get at the coaching issue was to question Maggio and that is why he wanted to call her as a witness.

■ To prove her claim of prosecutorial misconduct based on alleged perjured tes-

timony, DeVoss was required to prove that (1) the prosecution either introduced or failed to correct false testimony, (2) the false or perjured testimony was given at trial, (3) the prosecution knew the perjured testimony was given at trial, (4) the testimony was "material," and (5) the defendant has not waived the claim by failing to raise it at trial if she had reason to know of the falsity of the subject testimony. *Jones v. State*, 479 N.W.2d 265, 275 (Iowa 1991).

To prove her ineffective assistance of counsel claim, DeVoss had to show that her trial counsel (1) failed in an essential duty and (2) prejudice resulted from that failure. *State v. Bugely*, 562 N.W.2d 173, 178 (Iowa 1997). She bore the burden of proving both prongs by a preponderance of the evidence. *State v. Morgan*, 559 N.W.2d 603, 612 (Iowa 1997); *State v. Wissing*, 528 N.W.2d 561, 563 (Iowa 1995). As to the first prong, DeVoss had to establish that her trial counsel's performance was outside the range of normal competency. *Wissing*, 528 N.W.2d at 564. On this point there is a strong presumption trial counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

As to the second prong, DeVoss had to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984).

If by "coaching," DeVoss means the prosecutor went over Maggio's testimony with her, the claim simply has no merit. Attorneys certainly have the right to prepare their witnesses. It would be foolhardy not to.

However, if by "coaching," DeVoss means the prosecutor told Maggio to commit perjury, that certainly is prosecutorial misconduct. Prosecutors have a duty to assure the defendant a fair trial and must abide by the requirements of due process throughout the trial process. A prosecutor's use of perjured or false testimony prevents a fair trial and violates due process. *Jones*, 479 N.W.2d at 275.

As the district court noted, by "coaching," DeVoss was asserting the prosecutor told Maggio to lie. DeVoss insisted that the only way she could prove it was to question Maggio.

Although DeVoss did not testify at trial, she did testify at the postconviction relief hearing. Her trial counsel also testified at the hearing. Neither offered any evidence to support the perjury claim. DeVoss' trial counsel testified that although Maggio was well-prepared, he had "no evidence that [Maggio] was coached." He testified further:

> I didn't see anything that I felt would allow me to raise [the coaching issue]. I think it's a real serious issue to raise. It's a real serious issue period. And if you're going to make an allegation that someone was coached, you know, before you go to the judge with it you have to be able to really lay things out and show exactly how. I had concerns. Her testimony was-was so pat in some respects, but her testimony was also inconsistent every time she testified.

In the court of appeals decision on direct appeal, the court noted that DeVoss admitted to the police that she and the other defendants had used the money taken from Maggio to purchase crack and went to a motel where it was used. The court also noted that DeVoss was the only person present with Maggio when Maggio discussed hiding her money in her pockets,

socks, and bra. Maggio told DeVoss she was going to hide money in her underwear, but changed her mind. Later, the other two defendants returned to the car and told Maggio to take money from her pockets, socks, and bra. After DeVoss whispered to one of the codefendants, he ordered Maggio to take money out of the other side of her bra, as well as her underwear. The court found this evidence "overwhelming to the effect that DeVoss had knowledge of the robbery or encouraged its commission." *State v. DeVoss*, No. 96–1466 (Iowa Ct.App. Nov. 25, 1997). We think these findings belie any claim that Maggio lied about the material matters relative to the robbery.

In her postconviction relief testimony, DeVoss did not deny that she and the other defendants had used the money taken from Maggio to purchase "dope" and to pay for a motel room where the dope was used.

There simply was no basis in the record to alert DeVoss' trial counsel of any possible perjury encouraged by the prosecutor. Given the evidence at trial and DeVoss' admissions, any claim of perjured testimony about the fact that the robbery occurred and that DeVoss participated in it is frivolous. Trial counsel therefore breached no duty to cross-examine Maggio along these lines. And even if he had done so, we think that Maggio's testimony would not have changed in any material respects. Given the strong evidence of DeVoss' participation in the robbery, the outcome of the trial probably would not have been different. We accordingly find no prejudice resulted from counsel's action in not cross-examining Maggio about whether the prosecutor encouraged her to lie.

Given the conclusions we reach regarding the claims of prosecutorial misconduct and the ineffective assistance of counsel, we find that the district court did not abuse its discretion in refusing to allow DeVoss to call Maggio as a witness.

## VI. Disposition.

In sum, we conclude the State waived its error preservation claim. On the merits, we conclude DeVoss failed to establish her claims of prosecutorial misconduct and ineffective assistance of counsel. Additionally, we find the district court did not abuse its discretion in refusing to allow DeVoss to call Maggio as a witness. We therefore affirm the district court ruling on all of these issues.

**DECISION OF COURT OF APPEALS VACATED; JUDGMENT OF DISTRICT COURT AFFIRMED.**