**IN THE COURT OF APPEALS OF IOWA**

No. 15-0029
Filed February 24, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MAURICE SYLVESTER GREEN SR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, James D. Birkenholz,

District Associate Judge.


        Maurice Green appeals his conviction for domestic abuse assault, third or

subsequent offense. **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik and Mary A. Triick,

Assistant Attorneys General, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Maurice Green appeals his conviction for domestic abuse assault, claiming the district court improperly denied his *Batson* challenge and erred in overruling his hearsay objection.  We affirm.

On August 29, 2014, the State charged Green with assault while displaying a dangerous weapon, in violation of Iowa Code section 708.2(3) (2013).  The State amended the trial information in November to add the additional charge of domestic abuse assault, third or subsequent offense, in violation of Iowa Code section 708.2A(4).  The charges stemmed from an incident in July where it was reported Green had assaulted members of his family while also holding a knife.  A jury trial was held on November 17, and Green was found guilty of the offense of domestic abuse assault.  The district court sentenced Green to a term of imprisonment not to exceed five years and assessed a fine.  Green now appeals.

We review constitutional challenges de novo.  *State v. Kern*, 831 N.W.2d 149, 164 (Iowa 2013).  We review the court's evidentiary rulings for an abuse of discretion.  *State v. Tyler*, 867 N.W.2d 136, 152 (Iowa 2015).

Green claims the district court improperly denied his *Batson* challenge, because the State could not show a race-neutral reason for using a preemptory challenge to exclude an African-American juror.  *See Batson v. Kentucky*, 476 U.S. 79, 96–97 (1986) (noting the defendant must "first establish a prima facie case of purposeful discrimination in selection" of the jury panel, then "the burden shifts to the State to come forward with a neutral explanation for challenging

black jurors"); *see also State v. Griffin*, 564 N.W.2d 370, 375 (Iowa 1997) (same). Here, Green has failed to establish a prima facie case of "purposeful discrimination." *Batson*, 476 U.S. 79 at 96. Green has been unable to show the "facts and relevant circumstances raise an inference" the State excluded the juror due to her race. *Id.* Even if Green had established a prima facie case, the State has met its burden of presenting a "neutral explanation" for the exclusion of an African-American juror. Upon our de novo review, we affirm the district court's denial of Green's *Batson* challenge.

Green also claims the district court abused its discretion by admitting the testimony of the officer who responded to the 911 call placed during Green's assault. Green claims this testimony contained inadmissible hearsay. The officer testified about statements one of the victims made to the officer shortly after he arrived at the scene of the assault. We find the district court did not abuse its discretion in allowing the testimony, since the statements made to the officer fall into the "excited utterance" exception to our hearsay rule. *See* Iowa R. Civ. P. 5.803(1); *see also State v. Atwood*, 602 N.W.2d 775, 782 (Iowa 1999) ("Obviously, an excited utterance must be made under the influence of the excitement of the incident rather than upon reflection or deliberation."). While the "excited utterance exception" was not raised by the State below, we may disregard our error preservation rules "when the error claimed involve[s] rulings

admitting evidence or not admitting evidence." *DeVoss v. State*, 648 N.W.2d 56, 62–63 (Iowa 2002).[1]

We affirm on appeal without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (b), (c), and (e).

**AFFIRMED.**

---

[1] Since we have found the police officer's testimony was admissible, the State did not violate the principles established in *State v. Turecek*. 456 N.W.2d 219, 225 (Iowa 1990) ("The State is not entitled under rule [5.607] to place a witness on the stand who is expected to give unfavorable testimony and then, in the guise of impeachment, offer evidence which is otherwise inadmissible. To permit such bootstrapping frustrates the intended application of the exclusionary rules which rendered such evidence inadmissible on the State's case in chief."); *see also State v. Tompkins*, 859 N.W.2d 631, 639 (Iowa 2015) *("When a witness's hearsay statement is admissible to prove the truth of the matter asserted, there is no *Turecek* violation.").