# IN THE COURT OF APPEALS OF IOWA

No. 20-0593
Filed April 14, 2021

**COMPEER FINANCIAL SERVICES, FLCA, f/k/a AGSTAR FINANCIAL SERVICES, FLCA,**
        Plaintiff-Appellee,

**vs.**

**JESSE D. BRAAKSMA, DALE W. BRAAKSMA, AND DANNA S. BRAAKSMA,**
        Defendants-Appellants,

**and**

**THE UNITED STATES OF AMERICA, by and through its agent, THE INTERNAL REVENUE SERVICE,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Osceola County, Don E. Courtney, Judge.

        Defendants appeal a grant of summary judgment and ensuing foreclosure decree. **AFFIRMED.**

        Richard H. Moeller of Moore, Corbett, Heffernan, Moeller & Meis, L.L.P., Sioux City, for appellants.

        Rick J. Halbur and Dustan J. Cross of Gislason & Hunter, LLP, New Ulm, Minnesota, for appellee Compeer Financial Services, FLCA.

        Heard by Bower, C.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Dale and Danna Braaksma, together with their son, Jesse Braaksma, appeal a grant of summary judgment and ensuing foreclosure decree entered in favor of Compeer Financial Services, FLCA (Compeer)[1] relative to two mortgages on tracts of agricultural real estate, one owned by Dale and Danna and the other owned by Jesse. They argue Compeer's notice of default and right to cure did not comply with Iowa Code sections 654.2A and 654.2B (2018) because it "improperly demanded payment of the accelerated balances" of the notes, the Braaksmas were not excepted from a right to cure based on prior defaults, and Compeer's foreclosure petition should therefore have been dismissed.

## I.    Background Facts and Proceedings.

On March 30, 2015, Jesse entered into notes 6700, 6701, 6900, and 6901 with Compeer.[2] As security for notes 6700 and 6701, Jesse granted Compeer a mortgage as to real property situated in Osceola County. As security for notes 6900 and 6901, Dale and Danna granted Compeer a mortgage as to separate real property situated in Osceola County. Jesse failed to make his payments under

---

[1] Formerly known as AgStar Financial Services, FLCA.

[2] The loan amount under note 6700 was $376,760.00, and the note called for an interest payment by Jesse of $8296.57 on September 1, and thereafter twenty-nine principal and interest payments of $25,211.62 on September 1 of each year. The loan amount under note 6701 was $94,000.00, and the note called for an interest payment by Jesse of $1064.55 on September 1, and thereafter twenty-nine principal and interest payments of $4611.72 on September 1 of each year. The loan amount under note 6900 was $173,988.00, and the note called for an interest payment by Jesse of $2836.25 on August 1, and thereafter twenty-nine principal and interest payments of $11,125.38 on August 1 of each year. The loan amount under note 6901 was $45,500.00, and the note called for an interest payment by Jesse of $394.76 on August 1, and thereafter twenty-nine principal and interest payments of $2134.15 on August 1 of each year.

notes 6700 and 6701 and, on November 30, 2016, both notes were formally extended through February 1, 2017. Jesse did not meet his obligations under those notes by the end of the extension. On April 5, Compeer served each of the Braaksmas a notice of default and notice of right to cure noting said defaults and advising notes 6900 and 6901 were also in default due to cross-default provisions contained in the loan documents. The notice advised:

> The above defaults may be cured by Loan No. 6700 being paid in the sum of $28,552.65 plus late charges of $21.72 per day from the date of the letter and Loan No. 6701 being paid in the sum of $5,679.05 plus late charges of $5.42 per day from the date of this letter, plus other applicable charges, any installments which have become due since the date of this letter and costs, advances, attorney's fees and other expenses hereafter charged to your loan . . . within 30 days from the date this letter was mailed to you.
> Failure to cure this default on or before that date may result in acceleration of the sum secured by the Mortgage and sale of the mortgaged premises.
> In the event the Note is accelerated, you do have the right to reinstate after the acceleration. You also have the right to bring a court action to assert the non-existence of a default or to assert any other defense to acceleration and sale.

The notes remained in a state of default, and eventually notes 6900 and 6901 reached default status independent of the cross-default provisions in the loan documents.

On February 8, 2018, at which point Jesse had failed to make payments totaling $80,908.25, Compeer sent each of the Braaksmas a second notice of default and notice of right to cure. The notice advised the following balances as of February 8:

> [T]he total indebtedness due and owing to Compeer under Note 6700 was a principal balance of $376,760.00, late charges in the amount of $4,191.95, and interest of $52,116.80, for a total of $433,068.75, exclusive of accruing and unpaid interest and late charges,

attorneys' fees, costs, and expenses . . . . Interest and late charges continue to accrue on Note 6700 at the rate of $75.868 per day.

. . . .

. . . [T]he total indebtedness due and owing to Compeer under Note 6701 was a principal balance of $94,000.00, late charges in the amount of $1,047.40, and interest of $3,073.92, for a total of $98,121.32, exclusive of accruing and unpaid interest and late charges, attorneys' fees, costs, and expenses . . . . Interest and late charges continue to accrue on Note 6701 at the rate of $23.336 per day.

. . . .

. . . [T]he total indebtedness due and owing to Compeer under Note 6900 was a principal balance of $171,301.03, late charges in the amount of $1,851.17, and interest of $12,675.60, for a total of $185,827.80, exclusive of accruing and unpaid interest and late charges, attorneys' fees, costs, and expenses . . . . Interest and late charges continue to accrue on Note 6900 at the rate of $50.429 per day.

. . . .

. . . [T]he total indebtedness due and owing to Compeer under Note 6901 was a principal balance of $42,540.35, late charges in the amount of $458.75, and interest of $2,178.51, for a total of $45,177.61, exclusive of accruing and unpaid interest and late charges, attorneys' fees, costs, and expenses . . . . Interest and late charges continue to accrue on Note 6901 at the rate of $10.572 per day.

. . . .

Jesse Braaksma has the right to cure the defaults under the Notes identified herein. To cure these defaults, Jesse Braaksma must pay Compeer a total of **$762,195.48** as of February 8, 2018, . . . ***together with any other amounts coming due prior to the time Jesse Braaksma's defaults are cured.*** If Jesse fails to pay . . . then the Mortgages may be foreclosed upon to collect entire Indebtedness set forth above, along with accruing and unpaid interest and late charges, and attorneys' fees, costs, and expenses.

Dale and Danna Braaksma have the right to cure the applicable defaults under the Notes identified herein. To cure these defaults, Dale and Danna Braaksma must pay Compeer a total of **$231,005.41** as of February 8, 2018, . . . ***together with any other amounts coming due prior to the time Jesse Braaksma's defaults are cured.*** This **$231,005.41** constitutes the secured amount due and owing under the Dale and Danna Braaksma Mortgage as of February 8, 2018 due to Jesse Braaksma's defaults under Note 6900 and Note 6901. If Dale and Danna fail to pay . . . then the Dale and Danna Braaksma Mortgage may be foreclosed upon to collect the Note 6900 Indebtedness and the Note 6901

> Indebtedness as set forth above, along with accruing and unpaid interest and late charges, and attorneys' fees, costs, and expenses.

The notice set the deadline for payment at March 25 and also stated, "Failure to cure the defaults by the date and time set forth above may result in acceleration of the sums secured by the Mortgages, and Compeer shall be entitled to proceed with initiating a foreclosure action, which may result in the sale of the property secured by the Mortgages."

The payments were not made and, on April 6, Compeer sent each of the Braaksmas a notice of acceleration and demand for payment. The notice advised that, by that point, the accelerated balances were $434,116.34 under note 6700, $99,542.05 under note 6701, $188,702.25 under note 6900, and $45,820.51 under note 6901, "exclusive of accruing and unpaid interest and late charges, and attorneys' fees, protective advances, costs, and expenses." The notice advised Compeer was accelerating the amounts due under the notes and demanded payment within fourteen days. No payments were made, and Compeer filed its foreclosure petition on May 11. In their joint answer, the Braaksmas admitted to being in default and asserted no affirmative defenses.

In October 2018, Compeer filed a motion for summary judgment. Prior to hearing, the Braaksmas moved for additional time to file an untimely resistance to summary judgment. In the motion, the Braaksmas argued the court lacked jurisdiction to foreclose because Compeer failed to comply with Iowa Code sections 654.2A and 654.2B. The Braaksmas contemporaneously filed their resistance. In the resistance, the Braaksmas acknowledged the facts were undisputed, but they argued Compeer was not entitled to judgment as a matter of

law because compliance with sections 654.2A and 654.2B is a mandatory prerequisite to instituting a foreclosure action as to property suitable for agricultural use. Specifically, they claimed the February 2018 notice did "not accurately or meaningfully state the nature of the default"; "the nature of the right to cure the default"; or "the total payment, including an itemization of any delinquency or deferral charges, or other performance necessary to cure the default, and the exact date by which the amount must be paid or performance tendered"; but only "states that the Braaksmas must pay the entire balance . . . *after* acceleration." The general claim was that Compeer was required to advise of the amount of delinquent unpaid installments, without acceleration. Compeer responded the amounts due under the notes were not accelerated in February, as explained in the notice, and stating the Braaksmas could cure by tendering the total indebtedness is permissible pursuant to Iowa Code section 654.2A(4)(b). Alternatively, Compeer argued any failure to comply with section 654.2B did not "substantially prejudice" the Braaksmas so any such failure could not be used as a defense. Compeer also argued, because the April 2017 notices complied with the applicable sections, the Braaksmas were not entitled to a notice of right to cure because they received "a proper notice of right to cure with respect to two prior defaults." *See* Iowa Code § 654.2A(3). The matter proceeded to hearing, at which the parties largely echoed their previous arguments. Compeer also added that the Braaksmas were not entitled to a notice of right to cure because they were given "a proper notice of right to cure with respect to a prior default within twelve months prior to the alleged default." *See id.*

In its ensuing ruling, the court granted Compeer summary judgment. The court found Compeer provided the Braaksmas with a right to cure before acceleration, properly provided them forty-five days to cure, and the notice provided the information required by section 654.2B or, alternatively, the Braaksmas failed to show substantial prejudice. The court also determined the Braaksmas were not entitled to a right to cure because they were provided with notice of right to cure on two prior defaults in April 2017.

The Braaksmas filed a motion to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904(2). Following an unreported hearing, the motion was denied, and the court subsequently entered its foreclosure decree. The Braaksmas filed a motion to set aside the decree, which was also denied. The Braaksmas appeal.

## II.    Standard of Review

Our standard of review in equitable foreclosure proceedings would normally be de novo. Iowa Code § 654.1; Iowa R. App. P. 6.907; *First State Bank, Belmond v. Kalkwarf*, 495 N.W.2d 708, 711 (Iowa 1993), *superseded by statute on other grounds as recognized in Blue Grass Sav. Bank v. Cmty. Bank & Tr. Co.*, 941 N.W.2d 20, 25 (Iowa 2020). However, "[t]he standard of review for district court rulings on summary judgment is for correction of errors at law," even if it considers matters of an equitable nature. *See Kunde v. Estate of Bowman*, 920 N.W.2d 803, 806 (Iowa 2018). Summary judgement is only appropriate when the moving party has shown "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3). "An issue of fact is 'material' only when the dispute involves facts which might

affect the outcome of the suit, given the applicable governing law." *Nelson v. Lindaman*, 867 N.W.2d 1, 6 (Iowa 2015) (quoting *Wallace v. Des Moines Indep. Cmty. Sch. Dist. Bd. of Dirs.*, 754 N.W.2d 854, 857 (Iowa 2008)). "In determining whether a grant of summary judgment was appropriate, we examine the record in the light most favorable to the nonmoving party, drawing all legitimate inferences that may be drawn from the evidence in his or her favor." *Homan v. Branstad*, 887 N.W.2d 153, 163–64 (Iowa 2016). Summary judgment is appropriate "if the record reveals only a conflict concerning the legal consequences of undisputed facts." *Nelson*, 867 N.W.2d at 6 (quoting *Wallace*, 754 N.W.2d at 857). "To the extent we are asked to engage in statutory interpretation, our review is [also] for correction of errors at law." *DuTrac Cmty. Credit Union v. Hefel*, 893 N.W.2d 282, 289 (Iowa 2017).

## III. Analysis

The facts are undisputed, and the only issue is the legal consequences flowing from the undisputed facts. A creditor shall not initiate a foreclosure action under chapter 654 relative to agricultural land[3] until it complies with Iowa Code section 654.2A, which concerns a notice of right to cure a default. Iowa Code § 654.2A(1). "A creditor who believes in good faith that a borrower on a . . . mortgage on agricultural land is in default may give the borrower notice of the alleged default, and, if the borrower has a right to cure the default, *shall* give the borrower the notice of right to cure provided in section 654.2B." *Id.* § 654.2A(2) (emphasis added). So we first decide whether the statute afforded the Braaksmas

---

[3] "'Agricultural land' means land suitable for use in farming." Iowa Code § 9H.1(2).

a right to cure.  Applicable here, "[t]he borrower has a right to cure the default unless the creditor has given the borrower a proper notice of right to cure with respect to" either (1) "two prior defaults on the obligation secured by the . . . mortgage" or (2) "a prior default within twelve months prior to the alleged default." *Id.* § 654.2A(3).

On April 5, 2017, Compeer served each of the Braaksmas a notice of default and notice of right to cure, stating all four notes were in default: 6700 and 6701 for failure to make installment payments, and 6900 and 6901 due to cross-default provisions in the loan documents.  The notice was in writing; advised of the name, address and phone number of Compeer; briefly identified "the obligation secured by the . . . mortgage and of the borrower's right to cure the default"; and stated "the nature of the right to cure the default" and "the nature of the alleged default."  *See id.* § 654.2B.  The statute allows the creditor to either provide a "statement of the total payment, including an itemization of any delinquency or deferral charges, or other performance necessary to cure the alleged default."  *Id.*  The notice included the latter, stating:

> The above defaults may be cured by Loan No. 6700 being paid in the sum of $28,552.65 plus late charges of $21.72 per day from the date of the letter and Loan No. 6701 being paid in the sum of $5,679.05 plus late charges of $5.42 per day from the date of this letter, plus other applicable charges, any installments which have become due since the date of this letter and costs, advances, attorney's fees and other expenses hereafter charged to your loan . . . .

The notice also provided the date by which the amount must be paid, thirty days from the date of Compeer's mailing of the notice,[4] and advised if the default was not cured, then Compeer could accelerate and sell the mortgaged premises. *See id.* The notice addressed the matters required by section 654.2B, so we conclude the April 5, 2017 notice complied with Iowa Code section 654.2B.

But, in order to deprive a borrower of a right to cure under the first exception, the creditor must have "given the borrower a proper notice of right to cure with respect to *two* prior defaults on the obligation secured by the . . . mortgage." *Id.* § 654.2A(3) (emphasis added). Here, while the two mortgages each secured two of the notes, each of the notes was a separate "obligation," and the notice only advised of one instance of default as to each. And we read section 654.2A(3) to require proper notice of right to cure with respect to two prior defaults as to each specific obligation before a right to cure is negated, which was not satisfied here.

We turn to the second exception.[5] We have already concluded the April 5, 2017 notice was in compliance with the statutory requirements and was a proper notice of right to cure. The second notice of default and right to cure was sent to

---

[4] The Braaksmas appear to only meaningfully contend the 2017 notice was not proper because section 654.2A(4) requires a passage of forty-five days, not thirty, after notice of right to cure is given before a creditor can take action. But section 654.2B contains no such requirement, as it only requires statement of "the exact date by which the amount must be paid or performance tendered." Section 654.2B does not require the notice to state the deadline must be forty-five days after notice is given, and section 654.2A(4) only prohibits creditors from taking action until after forty-five days, with which Compeer complied.

[5] While we acknowledge the district court did not hang its hat on the issue of a lack of right to cure on the second exception, the exception was argued by Compeer below, and we may uphold "a district court ruling on a ground other than the one upon which the district court relied *provided* the ground was urged in that court." *DeVoss v. State*, 648 N.W.2d 56, 61 (Iowa 2002).

the Braaksmas on February 8, 2018. At that point, the Braaksmas had no right to cure because Compeer "ha[d] given [them] a proper notice of right to cure with respect to a prior default within twelve months prior to the alleged default." *Id.* If the Braaksmas had a right to cure at the time of "the alleged default," February 8, 2018, then Compeer would have been mandated to "give the [Braaksmas] the notice of right to cure provided in section 654.2B." *Id.* § 654.2A(2). Compeer would have also been required to comply with section 654.2A(4), which only applies "[i]f the borrower has a right to cure a default." That provision would have precluded Compeer from accelerating the unpaid balance of the obligation, demanding or otherwise taking possession of the mortgaged premises, or otherwise attempting enforcement until forty-five days after notice of right to cure was tendered. *Id.* § 654.2A(4)(a). And because section 654.2A(4) did not apply absent a right to cure, Compeer was not prohibited from accelerating "the maturity of the unpaid balance of the obligation, demand or otherwise take possession of the land, . . . or otherwise attempt to enforce the obligation until forty-five days after a proper notice of right to cure is given." *Id.* § 654.2A(4)(a). So the Braaksmas' allegation that "Compeer improperly demanded payment of the accelerated balances" does not entitle them to relief.

Long story short, the Braaksmas were not entitled to a notice of right to cure at the time of the alleged default on February 8, 2018. So Compeer was not required to tender a notice of right to cure in compliance with section 654.2B. *See id.* § 654.2A(2). And Compeer was not prohibited from accelerating the obligations, as the Braaksmas claim it did. *See id.* § 654.2A(4)(a). So the complaint that Compeer's February 8, 2018 notice "did not substantially comply

with Iowa Code section 654.2B" is inconsequential. And the alleged but inconsequential failure does not require dismissal of the foreclosure action on jurisdictional grounds or for want of a condition precedent. Lastly, even if the Braaksmas were entitled to a notice of right to cure at the time of the alleged default in February 2018, and, assuming without deciding said notice was statutorily deficient,

> [t]he failure of the notice of right to cure to comply with one or more provisions of [section 654.2B] is not a defense or claim in any action pursuant to [chapter 654] . . . unless the person asserting the defense, claim, or invalidity proves that the person was substantially prejudiced by such failure.

*Id.* § 654.2B. And we agree with Compeer that, "given the numerous, repeated, uncured, and material defaults that [the Braaksmas] made over" the loan period, there is no genuine issue of material fact the Braaksmas were not substantially prejudiced, even assuming they were entitled to a notice of right to cure and the notice tendered was statutorily deficient as alleged.[6]

---

[6] The Braaksmas cite one of our prior decisions, which contemplated a situation where the note and mortgage documents required the creditor to mail notices to the borrower at a specific address. *See BAC Home Loans Servicing, LP v. Drew*, No. 12-0755, 2013 WL 541414, at *1 (Iowa Ct. App. Feb. 13, 2013). After the borrower fell behind on payments, the creditor mailed a notice of right to cure default and a subsequent notice of acceleration to the wrong address. *Id.* at *2. Following initiation of foreclosure proceedings, the borrower claimed he never received the notices because "the address to which the notices were sent 'is not, nor has it ever been, his address.'" *Id.* The borrower echoed this argument in his resistance to the creditor's motion for summary judgment. *Id.* The court subsequently rejected the claim and entered a foreclosure decree. *See id.* On appeal, citing section 654.2B, the creditor argued the borrower "has not established he was substantially prejudiced by the failure of the notice and it is therefore entitled to judgment." *Id.* at *3. The creditor also sought "to invoke the protections of substantial compliance with the technical requirements of the *contents* of a notice to cure." *Id.* We simply concluded substantial compliance with section 654.2B could not be invoked until proper notice under section 654.2D,

## IV.     Conclusion

The legal consequence of the undisputed facts is Compeer's entitlement to judgment as a matter of law.  We affirm the district court's grant of summary judgment in favor of Compeer.

**AFFIRMED.**

---

which concerns notices of the right to cure defaults in relation to nonagricultural land, was satisfied, and we reversed and remanded for further proceedings.  *Id.*

Here, the Braaksmas argue, "Similar to the situation in *BAC Home Loans*, the notices received by the Braaksmas were statutory notices in name only, not a 'proper notice,' and not 'substantial compliance' triggering the Braaksmas' requirement to prove prejudice."  But we find *BAC Home Loans* wholly distinguishable.  There is no dispute the Braaksmas received the notice, the want of which was our only basis for reversal in *BAC Home Loans.*  And we have already concluded, above, the Braaksmas were not entitled to a notice of right to cure in the first place.  Assuming without deciding they were entitled to notice, we would proceed to an analysis under section 654.2B, which includes consideration of whether the notice was proper in accordance with that section and, if not, whether the Braaksmas met their burden to show substantial prejudice.  So under that hypothetical analytical pattern, the Braaksmas' duty to prove prejudice would be triggered, contrary to the Braaksmas' claims.