# IN THE COURT OF APPEALS OF IOWA

No. 21-1259
Filed July 20, 2022

**STEPHANIE DITTMER, STACY ALMANZA, AND SEAN DITTMER,**
Plaintiffs-Appellants

**vs.**

**MELODY DITTMER, INDIVIDUALLY, AS TRUSTEE OF THE RANDALL F. DITTMER TRUST, AND A TRUSTEE OF THE MELODY DITTMER TRUST,**
Defendant-Appellee
_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel, Judge.

Appellants challenge the district court's finding that their claims are barred by the statute of limitations set forth in Iowa Code section 633A.3018 (2019). **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.

Michael C. Walker, Kylie K. Franklin, and Glen F. Ruud of Hopkins & Huebner, P.C., Davenport, for appellants.

Nicholas J. Huffmon and Elliott R. McDonald III of McDonald, Woodward, & Carlson, P.C., Davenport, for appellee.

Heard by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

We must decide whether a lawsuit filed beyond the statutory time limit was improperly dismissed.

The lawsuit arose from the death of Randall F. Dittmer on November 16, 2017. Dittmer's children, Sean Dittmer, Stacy Almanza, and Stephanie Dittmer, sued their father's second wife, Melody Dittmer, on November 20, 2019. They raised five claims: two seeking to have an amended testamentary trust set aside, two seeking to have Melody's non-testamentary transfer of real estate via a quit claim deed set aside, and a fifth count alleging interference with a bequest.[1]

Melody moved for summary judgment. She asserted the two claims implicating the amended trust were barred by the applicable statute of limitations and the two claims relating to the transfer of real estate were consequently moot. The children resisted the motion on the ground that the discovery rule tolled the statute of limitations and the doctrine of equitable estoppel prevented Melody from invoking the statute of limitations.

The district court granted Melody's motion. The court concluded "neither the discovery rule nor equitable estoppel" applied "because the [children] had constructive notice of the quit claim deed and thus notice of a change to [Randall's] trust and [their] inheritance." The children appealed.

We review the district court's ruling on a summary judgment motion for correction of errors of law. *Hook v. Lippolt*, 755 N.W.2d 514, 519 (Iowa 2008). "Summary judgment is appropriate when 'there is no genuine issue as to any

---

[1] The children voluntarily dismissed the fifth count.

material fact and [ ] the moving party is entitled to a judgment as a matter of law.'"
*DeSousa v. Iowa Realty Co., Inc.*, ___ N.W.2d ___, ___, 2022 WL 2080692, at *3 (Iowa 2022) (citing Iowa R. Civ. P. 1.981(3)).

The applicable statute of limitations states,

> Unless previously barred by adjudication, consent, or other limitation, if notice is published or given as provided in section 633A.3110 within one year of the settlor's death, a proceeding to contest the validity of a revocable trust must be brought within the period specified in that notice. *If notice is not published or given within that period, a proceeding to contest the validity of a trust must be brought no later than one year following the death of the settlor.*

Iowa Code § 633A.3018 (2019) (emphasis added). It is undisputed that the one-year limitations period governed the filing of the children's lawsuit and the children failed to file their lawsuit within that period.

As noted, the children rely on the discovery rule. "Under the discovery rule, the statute of limitations is tolled until the plaintiff knows or in the exercise of reasonable care should have known both the fact of the injury and its cause." *MidWestOne Bank v. Heartland Co-op*, 941 N.W.2d 876, 884 (Iowa 2020) (citation and internal quotations omitted). The children argue they did not "suspect[ ] foul play" until "early 2019," and they filed the lawsuit within a year of that period. Melody responds that we may affirm the district court's rejection of the discovery rule's applicability either on the "constructive notice" ground adopted by the district court or on the alternative ground that the discovery rule is inapplicable to a statute of limitations with a triggering event.

Melody did not raise the "triggering event" argument in the district court. *See DeVoss v. State*, 648 N.W.2d 56, 62 (Iowa 2002) (authorizing affirmance on a ground not relied on by the district court if it was raised by the appellee).

Nonetheless, that principle is apparent in the record. *See State v. Pickett*, 671 N.W.2d 866, 869 (Iowa 2003) ("The record made in the district court shows that the purposes of error preservation were accomplished here and there is no unfairness in allowing [the defendant] to argue [the issue] on appeal."). Specifically, the children raised the principle in their resistance to Melody's summary judgment motion and the district court cited the principle in its ruling. Accordingly, we may consider this alternative basis for affirmance.

Turning to that basis, the supreme court recently reiterated that the discovery rule is not available to toll a limitations period if it "would be inconsistent with fundamental policies underlying the [applicable statute]." *MidWestOne*, 941 N.W.2d at 884. For example, the supreme court has "refused to apply a discovery rule to . . . statutes of limitation that set forth [a] triggering event." *Id.* at 884–85. Section 633A.3108 contains a triggering event: "the death of the settlor." The provision states the claim "must" be brought "no later than" one year from the death of the settlor. Iowa Code § 633A.3108. Based on the unambiguous statutory language, we conclude the discovery rule is inapplicable to section 633A.3108. *See MidWestOne*, 941 at 884 ("Applying the discovery rule would conflict with the plain language of [another statute of limitations], which expressly provides that the date of sale starts the time clock."); *see also Shelton v. Tr. of Larry E. Shelton & Katherine Shelton*, No. 19-0260, 2020 WL 824152, at *4 (Iowa Ct. App. Feb. 19, 2020) ("[The one-year] time frame [contained in section 633A.3108] makes sense—the passing of the settlor is generally known by the settlor's beneficiaries. A period of one year balances the need for expedience with adequate time for a plaintiff to sue.").

The children next argue the district court erred in rejecting the equitable estoppel doctrine as a matter of law. The doctrine requires a plaintiff to prove: "(1) The defendant has made a false representation or has concealed material facts; (2) the plaintiff lacks knowledge of the true facts; (3) the defendant intended the plaintiff to act upon such representations; and (4) the plaintiff did in fact rely upon such representations to his prejudice." *Downing v. Grossman*, 973 N.W.2d 512, 520 (Iowa 2022) (citations omitted).

The district court found:

> The clearest affirmative act . . . of a potentially false misrepresentation after the 2016 amendment to the . . . [t]rust was signed is when [Melody] allegedly stated to the [children] within a day of the decedent's passing that 'Nothing has changed' in response to the [children's] questions about their inheritance and the decedent's will and trust.

Nonetheless, the court found the children "had constructive notice of the real property's transfer . . . [w]hen Melody and decedent . . . recorded the quitclaim deed" in 2016. The court recognized "the [children] could not have challenged the trust prior to the decedent's death" but stated they could have done so as of the date of the decedent's death or within one year thereafter. In light of the court's determination that the children were on constructive notice of the land transfer long before the death of their father, the court concluded equitable estoppel did not bar Melody from raising the statute-of-limitations defense.

Melody asks us to affirm this reasoning. But, as the district court acknowledged, "the mere existence of inquiry notice does not necessarily suspend the estoppel produced by a defendant's fraudulent concealment." *See Christy v. Miulli*, 692 N.W.2d 694, 703 (Iowa 2005). "[I]f a [plaintiff] on inquiry notice

investigates by asking questions of [the defendant], who then misrepresents the facts that would give rise to a cause of action, the [defendant] is in no position to subsequently fault the [plaintiff] who reasonably relies on the truth of the [defendant's] statements." *Id.*

The children assert they did just that. They point to their questions of Melody following their father's death and Melody's representation—cited by the district court—that "[n]othing has changed." In their view, the focus of their equitable estoppel claim had to be on these questions and Melody's claimed misrepresentation rather than the pre-death quitclaim deed and any constructive notice the deed provided.

We agree with the children that whether Melody was equitably estopped from raising a statute of limitations defense turned on whether she made a misrepresentation in response to their post-death inquiries about the trust. Melody strenuously disagreed that she did. Her disagreement generated a fact question that precluded resolution of the equitable estoppel issue as a matter of law.

That does not end our analysis because, even if the elements of equitable estoppel are established, "the circumstances justifying an estoppel end when the plaintiff becomes aware of the fraud, or by the use of ordinary care and diligence should have discovered it." *Benskin, Inc. v. West Bank*, 952 N.W.2d 292, 304 (Iowa 2020). Once the estoppel ends, "some jurisdictions give claimants the full statutory period going forward, others merely give a 'reasonable time.'" *Id.* "Iowa falls into the latter category." *Id.* "[T]he plaintiff must file suit within a reasonable period after the estoppel ends and does not get a fresh [limitations period] from

that end date." *Id.* at 305. "What constitutes a reasonable time appears to depend upon the exigencies of the particular case." *Id.*

In *Benskin*, the estoppel "unequivocal[ly]" ended on a date certain. *Id.* The plaintiff waited seven years from the end date to file suit. *Id.* The supreme court found the delay unreasonable as a matter of law. *Id.* The court reasoned that, after the estoppel ended, the plaintiff had four years of the original limitations period within which to file the suit and the plaintiff alleged "no subsequent affirmative misrepresentations . . . that lulled [it] into inaction." *Id.* at 305–06. The summary judgment record is less clear here.

The children initially assert they "became suspicious and requested a copy of Melody's Will and Trust on January 18, 2019" and "Melody promptly refused, which put [them] on notice of her devious activities." In Melody's view, this assertion amounts to a concession that the estoppel ended on January 18, 2019, and the children's delay of ten months in filing their lawsuit was unreasonable as a matter of law. Melody's argument, while appealing at first blush, does not account for the children's additional assertion that Melody concealed material facts after January 18, 2019. Specifically, the children claim they filed a probate action two months later and "made another attempt to see Melody's Will and Trust within the probate action, but Melody again refused until she filed her Objection to Probate of Will and Motion for Removal and Substitution of Executor on April 15, 2019." They state, "It was then that [they] learned about Melody's misrepresentations." While the children did not include the probate documents in the summary judgment record, their answers to interrogatories stated, "After Melody transferred all of Randall's property into her own Trust . . . and upon [the

children] discovering [the] same, [they] requested to see Melody's Trust Agreement to confirm her assurances that nothing has changed . . . but they have been denied this opportunity."

We are persuaded the children generated a genuine issue of material fact on the question of when the estoppel ended—assuming it ever began. The unresolved issue of when the estoppel ended precludes a determination of whether the timing of the lawsuit's filing was unreasonable as a matter of law. *See Mormann v. Iowa Workforce Dev.*, 913 N.W.2d 554, 575 (Iowa 2018) ("[W]hether [equitable] tolling is available is often a fact-intensive inquiry for which a ruling on a motion to dismiss or at the summary judgment stage is often inappropriate."); *see also SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 332 F. Supp. 3d 446, 467, 469 (D. Mass. 2018) (stating "[a] claim does not accrue when a person has a mere hunch, hint, suspicion, or rumor of a claim, but such suspicions do give rise to a duty to inquire into the possible existence of a claim in the exercise of due diligence," and concluding the plaintiffs "put forth sufficient evidence to create a genuine issue of material fact as to whether their claims accrued at that time" (internal citations and quotation marks omitted)).

We recognize the children's assumption that they had a full year from the date the estoppel ended within which to file their lawsuit is unsupported by *Benskin*. We also recognize that, even if April 15, 2019, rather than an earlier date, is the date on which the children became "aware of the fraud, or by the use of ordinary care and diligence should have discovered it," they waited seven months from that date to file their lawsuit, which could be deemed unreasonable as a matter of law. But viewing the record in the light most favorable to the children,

the better course is to place the issue before the fact finder to resolve the reasonableness question on a more complete factual record. *See Nelson v. Lindaman*, 867 N.W.2d 1, 6 (Iowa 2015) (noting our obligation to "view the evidence . . . in the light most favorable to the nonmoving party" and draw every legitimate inference in their favor).

We affirm the district court's conclusion that the discovery rule is unavailable to the children. We reverse the district court's summary judgment ruling in favor of Melody on her statute-of-limitations defense and we remand for resolution of whether and when the equitable estoppel, if any, ended and whether any delay in filing the lawsuit after the estoppel ended was reasonable. These questions may, or may not, require the district court to apply the estoppel elements to determine whether and when the estoppel began. In light of our disposition, we find it unnecessary to assess those elements at this juncture. We also find it unnecessary to address the question of whether the children's claims relating to the non-testamentary land transfer were moot.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**