# IN THE COURT OF APPEALS OF IOWA

No. 24-2080
Filed March 11, 2026

**Kenji Talibe Meeks,**
Applicant–Appellant,
v.
**State of Iowa,**
Respondent–Appellee.

Appeal from the Iowa District Court for Lee (South) County,
The Honorable Shane M. Wiley, Judge.

**AFFIRMED**

Matthew L. Noel of Noel Law Office, Dubuque, attorney for appellant.

Brenna Bird, Attorney General, and Zachary Miller,
Assistant Attorney General, attorneys for appellee.

Considered without oral argument
by Tabor, C.J., and Badding and Langholz, JJ.
Opinion by Badding, J.

**BADDING, Judge.**

On the Friday before Kenji Meeks was set to be tried for burglary, theft, and other charges, his court-appointed lawyer moved to withdraw due to a breakdown in the attorney-client relationship. Meeks also filed a request to proceed pro se. After a Monday-morning *Faretta*[1] hearing, the trial court granted Meeks's request but appointed his former attorney as standby counsel. Trial began the next day. The jury later found Meeks guilty as charged.

A few weeks after trial, Meeks asked for counsel to be re-appointed. He was represented in his post-trial proceedings as well as on direct appeal, where our court affirmed the burglary and theft convictions over Meeks's challenge to the sufficiency of the evidence. *See State v. Meeks*, No. 22-0612, 2023 WL 2673261, at *4 (Iowa Ct. App. Mar. 29, 2023). Meeks is now serving a fifteen-year prison sentence.

In 2023, Meeks applied for postconviction relief, claiming he was convicted in violation of his constitutional rights. Among other things, Meeks alleged the trial court's *Faretta* colloquy was insufficient to ensure his knowing and intelligent waiver of counsel. Finding no error in the trial court's colloquy, the postconviction court rejected Meeks's constitutional challenge and dismissed his application.

Meeks appeals the denial of relief on *Faretta* grounds, arguing the trial court's colloquy failed "to inquire into [his] ability to be prepared for trial."

---

[1] In *Faretta v. California*, 422 U.S. 806, 835 (1975), the Supreme Court held that a defendant may waive their Sixth Amendment right to counsel so long as this decision is made "knowingly and intelligently." Before allowing a pro se defense, the trial court must hold a colloquy to ensure the defendant is "aware of the dangers and disadvantages of self-representation." *Faretta*, 422 U.S. at 835.

Reviewing de novo, we affirm on the merits.[2] *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021) (identifying the standard of review where a postconviction applicant alleges a constitutional infirmity).

The trial court engaged Meeks in a lengthy colloquy about his decision to represent himself. It asked about Meeks's education, confirmed his understanding of the charges, talked through the potential penalties, noted the possible defenses, and warned Meeks that he did not have the training or skillset of a lawyer.[3] This exchange sufficiently advised Meeks of "the usefulness of an attorney" and the "danger in continuing without counsel" under the circumstances of his case. *State v. Miller*, 975 N.W.2d 807, 816 (Iowa 2022) (citation omitted). Meeks fails to cite—and we have not found—any authority suggesting the court was also required to confirm he was "prepared" to represent himself.

---

[2] For the first time on appeal, the State asserts that Meeks's *Faretta* claim is barred by Iowa Code section 822.8 (2023) because he could have—but did not—raise it on direct appeal. *See DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2022) (interpreting section 822.8 "to impose a burden upon a postconviction applicant to show sufficient reasons why any ground for relief asserted in a postconviction relief petition was not previously asserted on direct appeal" (citation omitted)). Because both parties are bound by our error preservation rules, the State's failure to urge section 822.8 before the postconviction court waives the State's argument under that statute. *Id.*

[3] The court also adjourned the hearing for more than an hour-and-a-half to give Meeks a change to consult with his appointed counsel. When the hearing resumed, Meeks confirmed that he wished to proceed pro se with that counsel as standby. On appeal, Meeks mentions in passing that the court "should have inquired about the status of the relationship between" him and his former attorney "before appointing her as standby counsel." Because Meeks does not further develop this argument or cite any supporting authority, we do not address it. *See State v. Tyler*, 867 N.W.2d 136, 166 n.14 (Iowa 2015) (explaining a "passing reference" to an argument in a brief constitutes waiver).

The purpose of the *Faretta* colloquy is to ensure a defendant's waiver of the right to counsel is knowing and intelligent, not to test a defendant's readiness or ability to proceed pro se. *See* 422 U.S. at 836 (noting a defendant's "technical legal knowledge . . . was not relevant to an assessment of his knowing exercise of the right to defend himself"). Because the trial court's colloquy met that purpose, we affirm the denial of postconviction relief.

**AFFIRMED.**