# IN THE COURT OF APPEALS OF IOWA

No. 21-0308
Filed June 30, 2021

IN RE THE INTEREST OF D.C.,
Minor Child,

P.D., Father,
     Appellant.

_____

Appeal from the Iowa District Court for Polk County, Romanda Belcher,
District Associate Judge.

A father appeals the district court order terminating his parental rights.
**AFFIRMED.**

Nancy L. Pietz, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant
Attorney General, for appellee State.

Paul White of Juvenile Public Defender, Des Moines, attorney and
guardian ad litem for minor child.

Considered by Bower, C.J., Schumacher, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2021).

**SCHUMACHER, Judge.**

A father appeals the district court order terminating his parental rights to his young son, D.C. We find the father's arguments as to the statutory grounds relied on by the district court to be unpreserved. On our de novo review, we determine termination of the father's parental rights is in D.C.'s best interests and a permissive exception should not be applied. We affirm the decision of the district court.

## I.      Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## II.     Background Facts & Proceedings

D.C., born in late November 2019, came to the attention of the Iowa Department of Human Services (DHS) at birth due to DHS involvement with his three-year-old brother. D.C. was removed from parental custody on November 27, 2019. He has never returned home and there have been no trial home placements. While originally placed in foster care, he was moved to his paternal grandmother's home approximately five months after removal, where he remains. At the time of the termination hearing, D.C.'s legal custody had been placed with his paternal grandmother.

D.C. was adjudicated to be a child in need of assistance (CINA) on December 7, 2018. A dispositional hearing was held on April 16, 2020. Following a permanency hearing held on December 4, the district court directed the State to initiate termination proceedings.

The father's mental health dominated concerns throughout the underlying CINA proceeding. He was hospitalized on several occasions for mental-health concerns. He relocated to different shelters, group homes, and other placements during the CINA case. At the time of the termination hearing, his most recent placement was in a group home in Ames. However, he was dismissed from such placement due to uncontrollable behaviors and damage to the facility. The father refused to sign releases, which would have allowed DHS to communicate with his previous placements and providers. Further, the father was unstable at visits. He displayed aggressive behaviors at a family team meeting. Law enforcement notified DHS there was an active warrant for the father's arrest due to the father tampering with a gas stove in his apartment, thus creating a danger for himself and others in the complex. Additionally, during visits with D.C., the father would become upset. During one visitation session, the father threatened to bring a weapon to DHS.

The father signed a sixteen-paragraph written consent to termination of parental rights on January 13, 2021, prior to the termination hearing held on February 2, which acknowledged D.C. could not be placed with the father. At the termination hearing, the father initially waffled when questioned if he understood everything contained in the executed written consent. The district court granted a recess to allow the father an additional opportunity to discuss the release with his

counsel.[1]  Following the recess, a record was made wherein the father confirmed his consent to termination, with the father's attorney walking the father through the consent.[2]  The father requested the court accept his consent to the termination. The district court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(a) and (h) (2021).[3]

## III.  Analysis

### A.  Statutory Grounds

"When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record."  *A.B.*, 815 N.W.2d at 774.  In the instant appeal, both grounds attacked by the father on appeal are resolved by a lack of error preservation.

In the father's brief, with respect to both statutory grounds, the father recites error was preserved "when the Notice of Appeal was filed on March 8, 2021."  We disagree.  The father has failed to preserve his claim for our review on appeal.  He attacks the consent, alleging for the first time on appeal such was not a voluntary and intelligent consent on his behalf.  This is insufficient.  "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided

---

[1] The father's appellate counsel represented the father at the hearing on the State's petition for termination of parental rights. At hearing, she indicated she had extensive communication with the father prior to his execution of the written release.

[2] The father was the sole witness at the termination hearing.  The State's exhibits were offered and admitted without objection from any party.  No other party offered exhibits. The district court took judicial notice of the father's written consent to termination without objection.

[3] The mother's parental rights were terminated.  She does not appeal.

by the district court before we decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002); *see also A.B.*, 815 N.W.2d at 773 ("[T]he general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases."). Error is not preserved on this issue, as the father asserts in his petition on appeal, by filing a timely notice of appeal. *See In re K.W.*, No. 15-0790, 2015 WL 4642786, at *1 (Iowa Ct. App. Aug. 5, 2015); *see also* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2006) ("While this is a common statement in briefs, it is erroneous, for the notice of appeal has nothing to do with error preservation." (footnote omitted)).

The error preservation rule is based on the notion that

> [i]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.

*State v. Waterland*, No. 19-0076, 2020 WL 824114, at *3 (Iowa Ct. App. Feb. 19, 2020) (quoting *DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002)). We find any alleged error concerning the statutory grounds relied on by the district court was not preserved.

### B. Best Interests and Permissive Exception

On appeal, the father, for the first time, also alleges termination was not in the child's best interests and alleges a permissive exception to termination should be applied pursuant to Iowa Code section 232.116(3)(a), as a relative has custody of the child. *See In re T.N.M.*, 542 N.W.2d 574, 576 (Iowa Ct. App. 1995) (finding,

when a parent voluntarily and intelligently consents to the termination of her parental rights at the time of the termination hearing, the consent is "binding if it is in the best interest[s] of the child").

The district court addressed both D.C.'s best interests and permissive exceptions to termination pursuant to Iowa Code section 232.116(2) and (3) in the termination order. In seeking out those best interests, we look to the child's long-range as well as immediate interests. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990). This requires considering what the future holds for the child if returned to the parents. *Id.* at 493–94. When making this decision, we look to the parents' past performance because it may indicate the quality of care the parent is capable of providing in the future. *Id.* at 494. In considering the application of a permissive factor pursuant to Iowa Code section 232.116(3), we note these factors "are permissive, not mandatory." *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (quoting *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011)). "[O]ur consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parent's] inability to provide for [the child's] developing needs." *In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010).

At hearing, the father did not offer evidence to rebut the State's exhibits, which contained facts supporting the district court's best interests findings. The father did not request the court to consider the application of a permissive exception to termination. The record is void of any evidence D.C. would be disadvantaged by the termination of the father's parental rights. The evidence offered by the State supports a finding that termination is in D.C.'s best interests and that a permissive exception should not be applied. D.C. is very young. He

has been out of parental custody since birth, a period of over a year at the time of the February 2021 termination hearing. While he is in a relative placement, this current placement desires to adopt the child. D.C. is described as attached to this placement, his grandmother. A permanent home for D.C. is an advantage that could not be assured by applying a permissive exception. We reject the father's arguments concerning best interests and the application of a permissive exception to termination.

**IV**.    **Conclusion**

The father's arguments concerning the statutory grounds relied on by the district court are unpreserved. Termination is in D.C.'s best interests and a permissive exception should not be applied under these facts. We affirm the termination of the father's parental rights.

**AFFIRMED.**