# IN THE COURT OF APPEALS OF IOWA

No. 20-1056
Filed August 4, 2021

**DEWANN MARQUISE STONE,**
Petitioner-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Dewann Stone appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Jessica M. Donels of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer L.L.P., for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

In 2007, sentence was imposed upon Dewann Stone's conviction of first-degree murder. We affirmed on direct appeal, rejecting his claims the trial court erred in excluding testimony about another suspect, allowing evidence of prior bad acts, permitting improper rebuttal evidence, and denying his motion for a new trial. *State v. Stone*, No. 07-1009, 2008 WL 4724865, at *1–6 (Iowa Ct. App. Oct. 29, 2008). We also rejected his claim his trial counsel was ineffective based on cumulative error. *Id.* at *7. Procedendo issued in early 2009.

Stone filed his first application for postconviction relief (PCR) in late 2009, arguing a constitutionally deficient jury instruction on reasonable doubt was employed at his trial and his counsel at trial and on direct appeal were ineffective in failing to raise the issue and to argue his constitutional rights relating to discovery, confrontation, and due process were violated by the State's withholding of evidence. In a supplemental application, he also raised claims of newly discovered evidence and ineffective assistance relating to prosecutorial misconduct. The district court denied the application on the merits in late 2015. We affirmed. *See generally Stone v. State*, No. 16-0136, 2017 WL 3077917 (Iowa Ct. App. July 19, 2017). In addition to rejecting his claims of error by the PCR court, we rejected his claims his PCR attorneys were ineffective in not communicating with him, advocating against him in agreeing subpoenas should be quashed, not establishing when trial counsel received certain evidence, and not obtaining a ruling on a purported violation of *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at *4–5. Procedendo issued in September 2017.

Stone filed the PCR application precipitating this appeal in March 2020.  He argued first PCR counsel was ineffective in failing to investigate "potential exculpatory evidence," the State committed *Brady* violations during the criminal trial, the reasonable doubt instruction employed at trial was deficient, and ineffective assistance of trial counsel.  The State moved for summary disposition based on the three-year statute of limitations, arguing *Allison v. State*[1] did not save the application, and claimed the issues were already litigated.  In his response, Stone argued reports dictated by a detective based on interviews with Derek Thompson were not disclosed to him for several years after his first PCR proceeding commenced and said reports "are the basis of the claims of ineffective assistance of [PCR] counsel and *Brady* violations."  He also argued the claim was not considered in the first PCR proceeding or in the ensuing appeal.  At the ensuing hearing, the State repeated its statute-of-limitations argument and added Stone's claim of ineffective assistance of prior PCR counsel cannot serve to toll the statute of limitations because *Allison* was abrogated by statute in 2019 and is no longer good law.  *See* Iowa Code § 822.3 (2020).[2]  The State also pointed out the alleged

---

[1] *See* 914 N.W.2d 866, 891 (Iowa 2018) (holding that where a timely application is filed within the statute of limitations alleging ineffective assistance of trial counsel, the filing of a successive application that alleges ineffective assistance of postconviction-relief counsel in presenting the ineffective-assistance-of-trial-counsel claim, the filing of the second application relates back to the time of the filing of the original application so long as the successive application is filed promptly after the conclusion of the original action); *see also* Iowa Code § 822.3 (2020) (noting "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued").

[2] Effective July 1, 2019, the following language was added to section 822.3, presumably in response to the *Allison* decision: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the

newly discovered evidence, the Thompson reports, were available to Stone no later than 2015, so they do not serve as new grounds of fact as to his 2020 application to except Stone from the statute of limitations. After noting his review of the record in the first PCR proceeding, second PCR counsel conceded he was "not aware of any additional reports or other potentially exculpatory evidence that was not provided to a previous court," as the record showed the Thompson reports were included in the record of the first proceeding. Counsel advised he had no grounds to argue "that would qualify as an exception to the statute of limitations." Speaking on his own behalf, Stone himself agreed the reports were provided to him during his first PCR proceeding. He stated his first PCR counsel did not raise any arguments about the reports, but the issue was raised on appeal.

In its ruling, the court concluded the application was barred by the statute of limitations and this court considered the issue regarding the Thompson reports on appeal following denial of Stone's first PCR application. The court granted summary disposition, and this appeal followed.

Appellate review of PCR proceedings is typically for correction of errors at law, but where claims of ineffective assistance of counsel are forwarded, our review is de novo. *See Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017).

First, Stone argues his application was timely under *Allison* "and paragraph one of Iowa Code [section] 822.3." He claims he "promptly" filed his second application after the conclusion of the first proceeding within the meaning of *Allison*. But three years is not prompt. *See, e.g., Polk v. State*, No. 18-0309, 2019

---

limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 149, § 8.

WL 3945964, at \*2 (Iowa Ct. App. Aug. 21, 2019) (noting a gap in the neighborhood of six months does not meet the definition of prompt); *see also Johnson v. State*, No. 19-1949, 2021 WL 210700, at \*2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases on the meaning of "filed promptly").  And, as the State points out, the version of Iowa Code section 822.3 in effect when Stone's application was filed and decided, provides "An allegation of ineffective assistance of counsel in a prior case under [chapter 822] shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods."  Stone responds in his reply brief that the State's argument concerning the amendment was not raised below and is therefore waived.  We disagree.  At the hearing on the motion for summary disposition, the State pointedly argued, "this case was also filed after *Allison* was abrogated by statute on July 1st of 2019. *Allison* is no longer good law as it relates to this case."  No contrary argument or challenge to the statutory amendment was made by Stone below or on appeal. While the district court did not specifically hang its hat on the amendment, we may since the State raised it.  *See DeVoss v. State*, 648 N.W.2d 56, 61 (Iowa 2002) ("We have in a number of cases upheld a district court ruling on a ground other than the one upon which the district court relied *provided* the ground was urged in that court.").  Statutory amendment aside, Stone's application still does not fall within the parameters of the *Allison* decision, because it was not promptly filed at the conclusion of the original proceeding.

We affirm the dismissal of Stone's PCR application.

**AFFIRMED.**