# IN THE COURT OF APPEALS OF IOWA

No. 21-0478
Filed August 17, 2022

**RICK MRLA a/k/a ROBERT MARION RICHARD MRLA,**
    Plaintiff-Appellant,

**vs.**

**MARY GEORGIANNA HINER and GEORGIE ANNE QUINLAIN,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Woodbury County, Roger L. Sailer, Judge.

Rick Mrla appeals the district court's order granting summary judgment and dismissing his petition. **AFFIRMED.**

Michael W. Ellwanger of Rawlings, Ellwanger, Mohrhauser, Nelson & Roe, L.L.P., Sioux City, for appellant.

Daniel L. Hartnett and Marci L. Iseminger of Crary, Huff, Ringgenberg, Hartnett & Storm, P.C., Sioux City, for appellee Georgie Anne Quinlain.

Theodore E. Karpuk, Sioux City, for appellee Mary Georgianna Hiner.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

Robert Marion Richard Mrla ("Rick") is one of twelve children. After his parents died, Rick sued two of his sisters (Mary Hiner and Georgie Quinlain)[1] because he claimed he did not get as much farmland as he believed he was entitled to receive. He asserted claims for interference with an inheritance and interference with a contract. The district court granted summary judgment to both sisters on both counts. Rick appeals, limiting his challenge to the district court's ruling on his claim for intentional interference with a contract.

I.     **Background**

Before they died, one or both of Rick's parents owned several parcels of farm ground. One of the parcels is known in the family as the Stillwell Farm, which consists of approximately eighty acres of land. Rick assisted in the family farming operation from approximately 1977 to 1992, when he was between ten and twenty-five years of age. Rick contends he had an oral contract with his parents that provided, in exchange for his work on the family's farms, his parents would transfer the Stillwell Farm to him, either before they died or in their will.

Rick's mother died in 2011. In 2015, Rick's father transferred farmland he owned into a trust. The parcels transferred to the trust included the Stillwell Farm. Rick's father died in 2017. Rick did not receive all of the Stillwell Farm by way of his father's will or trust.

Convinced he was entitled to the entire Stillwell Farm, Rick began a campaign to try to recover the farm or its value. His campaign centered around

---

[1] We will refer to Mary Hiner and Georgie Quinlain as "the two sisters" or "both sisters."

claims that his father relied on the assistance and advice of the two sisters in creating his will and trust. Rick started his campaign by filing a petition to set aside his father's will and a petition for breach of a contract to make a will. Those claims were ultimately dismissed pursuant to a ruling of our court based on Rick's failure to timely serve the defendants. *See In re Est. of Mrla*, No. 18-1067, 2019 WL 1933999, at *6 (Iowa Ct. App. May 1, 2019).

After dismissal of his original suit, Rick filed this action. In it, he alleges that the two sisters assisted their father in his estate planning and they improperly induced their father to breach the contract to give Rick the entire Stillwell Farm. Both sisters separately moved for summary judgment on the basis that our supreme court's ruling in *Youngblut v. Youngblut*, 945 N.W.2d 25, 35–37 (Iowa 2020), precludes bringing these claims without a simultaneous will contest and that the claims cannot be sustained on their merits. The district court granted the motions for summary judgment on the basis that *Youngblut* applied, making Rick's claims untimely. The district court dismissed Rick's petition. Rick appeals the dismissal of his intentional-interference-with-a-contract claim.

## II.    Standard of Review

Summary judgment rulings are reviewed for correction of errors at law. *Lennette v. State*, 975 N.W.2d 380, 388 (Iowa 2022).

> Summary judgment is proper when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law. The burden is on the moving party to demonstrate that it is entitled to judgment as a matter of law. As we determine whether the moving party has met this burden, we view the record in the light most favorable to the nonmoving party. Even if facts are undisputed, summary judgment is not proper if reasonable minds could draw from them different inferences and reach different conclusions.

*Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014) (internal citations omitted).

## III. Intentional Interference with a Contract

Understandably, given the basis for the district court's ruling, Rick focuses on *Youngblut*, arguing that case should not apply to his claim for intentional interference with a contract and, even if it did apply, it should not apply retroactively so as to preclude his claim. However, it is not necessary for us to decide whether *Youngblut* applies, because Rick's claim fails on its merits. The two sisters fully addressed the merits of Rick's claim irrespective of the applicability of *Youngblut* at the district court. Even though the district court did not rely on the merits in reaching its summary judgment decision, we are permitted to rely on this alternative basis for affirming the district court. *See DeVoss v. State*, 648 N.W.2d 56, 62 (Iowa 2002) ("In these cases, we have used language to the effect that 'we may affirm the ruling on a proper ground urged but not relied upon by the trial court.' Or, 'a successful party in the district court may, without appealing, save the judgment in whole or in part based on grounds urged in the district court but not included in that court's ruling.' Or, 'we may affirm on any basis appearing in the record and urged by the prevailing party.' Or, '[a]lthough we disagree with the theory upon which the district court granted summary judgment, the motion was nonetheless properly sustained based on an alternative ground that had been presented to the district court.'" (alteration in original) (internal citations omitted)). As the two sisters fully developed this issue below and in their briefs to us, we find it appropriate to resolve the issue on appeal using this alternative basis.

The parties agree that the elements of an intentional-interference-with-contract claim are: "(1) plaintiff had a contract with a third-party; (2) defendant knew of the contract; (3) defendant intentionally and improperly interfered with the contract; (4) the interference caused the third-party not to perform, or made performance more burdensome or expensive; and (5) damage to the plaintiff resulted." *See Green v. Racing Ass'n of Cent. Iowa*, 713 N.W.2d 234, 243 (Iowa 2006) (quoting *Gibson v. ITT Hartford Ins. Co.*, 621 N.W.2d 388, 399 (Iowa 2001)). Failure to prove any one of these elements defeats Rick's cause of action. *See Ruden v. Jenk*, 543 N.W.2d 605, 610 (Iowa 1996).

Rick contends he had a contract that entitled him to receive the Stillwell Farm. But the undisputed facts show that Rick did not have a contract with the owner of the Stillwell Farm. In his brief, Rick contends that his alleged contract was with both parents to give him the Stillwell Farm either during their lifetimes or by their wills. However, his deposition testimony reveals otherwise. The unrebutted evidence based on Rick's own testimony is that Rick's claim of a contract is based on his mother's alleged promise to give him the Stillwell Farm. By Rick's admission, Rick's father never talked to Rick about farmland or an intention to give the Stillwell Farm to Rick. So, Rick's only alleged contract is with his mother. This is problematic for—and is in fact fatal to—Rick's theory of recovery because Rick's mother never owned the Stillwell Farm. At all times relevant to this case, that farm was owned by Rick's father (or the trust to which Rick's father conveyed it in 2015, after Rick's mother had already died). Rick's intentional-interference-with-contract claim is based on his allegation that the two sisters influenced his father not to convey the farm to Rick. But any alleged

manipulation of their father by the two sisters could not have interfered with Rick's contract with his father, because the unrebutted evidence is that no such contract existed. And the two sisters' alleged manipulation of their father did not interfere with Rick's alleged contract with his mother because their father (the person allegedly manipulated) was not a party to the contract, and therefore, he had no obligation to convey the Stillwell Farm to Rick. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty."); *Herington Livestock Auction Co. v. Verschoor*, 179 N.W.2d 491, 494 (Iowa 1970) ("The rights of a third party ordinarily cannot be adversely varied by an agreement to which he is not a party or by which he is not otherwise bound.").

As Rick cannot establish a contract with the owner of the Stillwell Farm, he cannot meet the first element of his cause of action. As that is sufficient to defeat his claim, we need not discuss any deficiencies of proof of the other elements or the two sisters' other defenses. The granting of summary judgment to the two sisters was proper, so we affirm the district court's decision.

**AFFIRMED.**