# IN THE COURT OF APPEALS OF IOWA

No. 21-1362
Filed August 31, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JUAN JOSE CONTRERAS MENDOZA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott, Judge.

Juan Jose Contreras Mendoza appeals his convictions for two counts of second-degree sexual abuse. **AFFIRMED.**

Alan R. Ostergren of Alan R. Ostergren, PC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Richard J. Bennett, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Juan Jose Contreras Mendoza guilty of two counts of second-degree sexual abuse involving two children. The district court sentenced him to prison terms not exceeding twenty-five years, to be served consecutively. On appeal, Contreras contends (I) the district court abused its discretion in denying his motion to sever the charges for separate trials; (II) the appellate courts should address his attorney's failure to request a particular jury instruction under a plain-error standard; and (III) the district court abused its discretion in imposing consecutive sentences.

## I.    Motion to Sever

Approximately three weeks before trial, Contreras moved to sever the charges. He asserted "the events in question allegedly occurred on separate dates, at different locations, and with two different alleged victims" and "[t]here [was] no element of the alleged crime against one of the alleged victims that require[d] proof of an element of the alleged crime against the other alleged victim." In his view, "[a]llowing the charges to go before a jury simultaneously [was] unfair and prejudicial to [his] interests." The State resisted the motion on the merits but also stated the motion was untimely.

The district court did not address the timeliness of the motion. Instead, the court applied the severance rule as follows:

> Under [Iowa Rule of Criminal Procedure] 2.6(1) two or more
> indictable offenses that arise from the same transaction or
> occurrence or from two or more transactions or occurrences
> constituting parts of a common scheme or plan may be prosecuted
> as separate counts in a single complaint unless the trial court in its
> discretion determines otherwise. In the present case, the allegations
> asserted by the State indicate that the alleged victims were of a

similar young age, the alleged offenses occurred at the same home, both alleged victims would be witnesses in both cases, as would several other witnesses, and the nature of the alleged abuse is significantly similar in both cases. Under these circumstances, the Court finds that the allegations herein would, if proven, constitute parts of a common scheme or plan. Accordingly, it is appropriate for the State to charge the counts together as part of a single complaint. While some prejudice may result to the Defendant to try these two counts together, the Court finds that the emotional burden placed upon the minor alleged victims having to testify on two separate occasions outweighs any prejudice to the Defendant. The Defendant's Motion to Sever is denied.

On appeal, Contreras contends "[t]he district court did not explain why the charges against [him] were a common scheme or plan." The State preliminarily responds that the severance motion was untimely. The State asks us to affirm the district court's denial of the motion on this alternate ground. *See DeVoss v. State*, 648 N.W.2d 56, 62 (Iowa 2002) (allowing affirmance of district court's ruling on any valid alternative ground supported by the record and raised before the court). We begin and end with that contention.

Iowa Rule of Criminal Procedure 2.11(4) states most motions "shall be filed when the grounds . . . reasonably appear but no later than 40 days after arraignment." The rule further states a defendant's failure to meet the deadline "shall constitute waiver . . . , but the court, for good cause shown, may grant relief from such waiver." Iowa R. Crim. P. 2.11(3).

The supreme court granted relief from the rule in the wake of the COVID-19 pandemic. Of particular note is paragraph 14 of an amended November 24, 2020 supervisory order. *See* Iowa Supreme Ct. Supervisory Order, *In the Matter of Ongoing Preparation for Coronavirus/COVID-19 Impact on Court Services* ¶ 14 (Nov. 30, 2020). That paragraph extended the deadlines for filing pretrial motions

until thirty days before trial for any case in which arraignment occurred before February 1, 2021. *Id.*

Contreras was arraigned on August 13, 2020, and filed his severance motion on July 13, 2021. Trial began on August 3, 2021. Even with the benefit of the supreme court's extension, Contreras' motion was untimely.

As the State notes, Contreras "made no attempt to show good cause for the untimely motion, nor did [he] ever seek a continuance of the due date for the motion." We agree. While Contreras claimed "recently conducted" depositions made apparent that "the events in question allegedly occurred on separate dates, at different locations, and with two different alleged victims," Contreras did not require deposition testimony to discern those facts, which were apparent from the trial information. Given the untimeliness of the severance motion, we conclude the district court appropriately denied it.[1]

## II.     *Jury Instruction—Plain Error*

Contreras challenges his trial attorney's failure to request "a stock jury instruction about deciding multiple counts separately." He acknowledges we can no longer hear ineffective-assistance-of-counsel claims on direct appeal, and he acknowledges "there is no plain error rule in Iowa." *See State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) ("We have repeatedly rejected plain error review and will not adopt it now."). He nonetheless asks us to adopt and apply a plain-error standard. We are not at liberty to overrule supreme court precedent. *See*

---

[1] In any event, we discern no abuse of discretion in the district court's application of the severance rule. *See* Iowa R. Civ. P. 2.6(1); *State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013) (setting forth standard of review).

*Bomgaars v. State*, 967 N.W.2d 41, 48 n.4 (Iowa 2021). Accordingly, we decline Contreras' invitation to review counsel's failure to request the instruction.

### III. Consecutive Sentences

Contreras contends the district court failed to "give adequate reasons for imposing consecutive sentences." *See State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) ("Iowa Rule of Criminal Procedure 2.23(3)(d) requires the district court to 'state on the record its reason for selecting the particular sentence,'" including a decision to impose consecutive sentences.). To the contrary, the court stated:

> The Court's going to find that these two sentences of incarceration should be ordered to be served consecutively to each other based upon the separate and serious nature of the offenses involved and that there were two separate victims, at two separate and distinct times, and to require a lesser sentence would promote disrespect for the law and these circumstances in addition to the prior factors discussed.
> . . . .
> The Court believes that the foregoing sentence imposed provides for the maximum opportunity for the defendant's rehabilitation while also protecting the community from further offenses by the defendant or others. The Court has considered the defendant's age, defendant's prior record, the nature of the offense committed, the contents of the presentence investigation, as well as the comments of the victims and the victim impact statements in reaching this conclusion, and again the sentences are ordered to be served consecutively based upon the separate and serious nature of the offenses involved.

We discern no abuse of discretion in the court's statement of reasons supporting the imposition of consecutive sentences. *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (setting forth standard of review).

**AFFIRMED.**