# IN THE COURT OF APPEALS OF IOWA

No. 23-1251
Filed October 2, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSE JOAQUIN MONTOYA MORROQUIN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Crawford County, Patrick H. Tott, Judge.

Jose Montoya Morroquin appeals his convictions claiming the district court lacked authority to try his case without a jury absent a valid Iowa Rule of Criminal Procedure 2.17(1) jury trial waiver. **AFFIRMED.**

Jack Bjornstad of Jack Bjornstad Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Greer, P.J., Badding, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DOYLE, Senior Judge.**

Jose Montoya Morroquin[1] appeals his convictions on three counts of indecent contact with a child (aggravated misdemeanors) and two counts of enticing a minor under sixteen, with intent to commit an illegal act (felonies). Following a bench trial, Montoya appealed claiming that the district court lacked authority to try his criminal case without a jury, absent a valid Iowa Rule of Criminal Procedure 2.17(1) waiver. Having failed to preserve error on the issue, we affirm Montoya's convictions and sentence.

The court's fifth order continuing trial states, "Defendant through counsel, has indicated that a bench trial is necessary. The State and defendant, through defense counsel, have agreed to a bench trial date." A bench trial date was set. The ninth order continuing trial, filed January 23, 2023, states, "This matter is before the Court on the agreed upon bench trial . . . ." The non-jury bench trial was continued, and a date was set. At the pretrial conference, the judge stated, "[T]his will be a trial to the Court and not a jury . . . ." Soon after, the court asked whether there was "any other record either side would like to make at this time before we adjourn for the day?" Both counsel responded "No." Montoya was present at the pretrial conference and said nothing. The bench trial proceeded as scheduled. The court's Findings of Fact, Conclusions of Law and Verdict state, "the above matter came before the court for trial, the Defendant having waived his right to a jury trial as reflected in the Court's order filed January 23, 2023."

---

[1] Some district court and appellate filings refer to the defendant as Jose Montoya Morroquin and others refer to him as Jose Montoya Marroquin. He refers to himself as Jose Montoya in filings generated or signed by him. We refer to the defendant as Montoya in this opinion.

Iowa Rule of Criminal Procedure 2.17(1) provided, "Cases required to be tried by jury shall be so tried unless the defendant voluntarily and intelligently waives a jury trial in writing and on the record . . . ."[2]

> [T]he rule requires the court to conduct an in-court colloquy with defendants who wish to waive their jury trial rights. The rules require this colloquy to be on the record. Going forward, district courts must ensure the jury-waiver colloquy is conducted *on the record* without allowing the parties to waive the reporting of this colloquy.

*State v. Gomez Garcia*, 904 N.W.2d 172, 185 (Iowa 2017) (internal citations omitted). The record contains no written waiver of jury trial. The record contains no in-court oral colloquy with Montoya concerning waiver of his constitutional right to a jury trial.

At no time did Montoya raise a rule 2.17(1) violation to the district court. He did not object to the pretrial orders setting a bench trial. He sat silent on the issue at the pretrial conference. He proceeded to trial without requesting a ruling on the issue. Even post-trial, he remained silent as his motion for new trial/motion in arrest of judgment does not mention the issue. Instead, he raises it for the first time on appeal. Error was thus not preserved. "[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut,* 641 N.W.2d 532, 537 (Iowa 2002). "We may not consider an issue that is raised for the first time on appeal, 'even if it is of constitutional dimension.'" *State v. Webb,* 516 N.W.2d 824, 828 (Iowa 1994) (quoting *Patchette v. State,* 374 N.W.2d 397, 401 (Iowa 1985)). *See State v. Walker,* 236 N.W.2d

---

[2] The rule was amended, effective July 1, 2023, after trial of this case, to read, "Cases required to be tried by jury shall be so tried unless the defendant voluntarily and intelligently waives a jury trial in open court and on the record."

292, 294 (Iowa 1975) ("Defendants waived the right to assert error here by failing to raise their alleged speedy trial right below.").

> [I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.

*DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002) (quoting 5 Am. Jur. 2d *Appellate Review* § 690, at 360-61 (1995)).

Montoya attempts an end-run around the error preservation impediment. Relying on outdated and superseded law, he asserts he need not preserve error because, without a valid rule 2.17(1) waiver, the district court had no "jurisdiction" or authority to try the case non-jury. If that were the case our supreme court would have said so in *State v. Feregrino*, 756 N.W.2d 700 (Iowa 2008). There it was argued a jury waiver was deficient. *Id.* at 703. The court did not hold that if a waiver is deficient the district court has no "jurisdiction" or authority to hear the case. Instead, the court said, "The fact that the requirements of rule 2.17(1) have not been met does not necessarily mean that a violation of the defendant's right to a jury trial has in fact occurred." *Id.* at 707. Further, "The absence of an oral colloquy or a written waiver does not necessarily prove that a defendant failed to understand the nature of the right waived by proceeding to a non-jury trial." *Id.* at 708. And,

> As a result, whether there has been such an alteration of the fundamental trial framework in violation of the defendant's right to a jury trial depends on the resolution of an antecedent question, namely, whether, notwithstanding the violation of the rule, the defendant knowingly and voluntarily waived his right to a jury trial. The antecedent question of whether a defendant knowingly or

voluntarily waived a jury trial presents a question of historical fact. It does not require the court to speculate on whether the outcome in the case would have changed if a different fact-finding process, namely, trial to a jury, had occurred. Resolution of the waiver issue is no more difficult than countless other factual questions that are resolved by our courts every day. If as a matter of fact the waiver was knowingly and voluntarily given, no infringement of a constitutional right or structural defect is present.

*Id.* Because the record on appeal was inadequate to resolve the prejudice issue, the court preserved Feregrino's ineffective-assistance-of-counsel claim for postconviction relief. *Id.* Similarly, in a more recent case, the transcript reflected in one sentence that the defendant waived his right to a jury trial during a recess. *Gomez Garcia*, 904 N.W.2d at 185-86. There was no written waiver nor an on-the-record colloquy. *Id.* at 186. Even though rule 2.17(1) had been breached, the court did not hold the district court was without authority to proceed with a non-jury trial. Instead, like in *Feregrino*, it preserved an ineffective-assistance-of-counsel claim for a PCR action. *Id.* at 186. So even if we set aside the error-preservation impediment, we find Montoya's "without 'jurisdiction' or authority" argument unpersuasive.

**AFFIRMED.**