# IN THE COURT OF APPEALS OF IOWA

No. 24-0170
Filed September 4, 2025

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DILLON MICHAEL HEILLER,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Allamakee County, John Bauercamper, Judge.

A defendant challenges his conviction for theft in the second degree. **AFFIRMED.**

Shea M. Chapin of The Chapin Center, PLC, Dubuque, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered without oral argument en banc.

**AHLERS, Judge.**

A jury found Dillon Heiller guilty of theft in the second degree for stealing a sport utility vehicle (SUV). He appeals.

## I. Territorial Jurisdiction

Heiller first challenges his conviction on the ground that the State failed to prove he took possession of the SUV in Iowa—raising a territorial-jurisdiction issue. This challenge is indistinguishable from that made by Heiller in another case decided by our court today. *See State v. Heiller*, No. 24-0169, 2025 WL _____ (Iowa Ct. App. Sept. 4, 2025) (en banc). For the same reasons we rejected Heiller's territorial-jurisdiction challenge in case number 24-0169, we reject it here.

## II. Sufficiency of the Evidence

Heiller also raises a challenge to the sufficiency of the evidence supporting his conviction. Our review is for correction of errors at law, and we view the evidence in the light most favorable to the State. *State v. Sievers*, 20 N.W.3d 203, 207 (Iowa 2025). We are highly deferential to the jury's verdict, and we affirm the verdict when it is supported by substantial evidence, which is evidence from which a rational juror could be convinced the defendant is guilty beyond a reasonable doubt. *Id.*

To assess Heiller's challenge, we start by looking at this marshaling instruction given to the jury:

> The State must prove all the following elements of 2nd degree theft:
> 1. On or about the 1st day of October, 2023, the defendant took possession or control of a 2018 Volkswagen Tiguan SUV. . . .
> 2. The defendant did so with the intent to deprive the owner of the 2018 Volkswagen Tiguan SUV. . . .

>   3. The property, at the time of the taking, belonged to or was in the possession of its owner.

As Heiller made no objection to this instruction, it is the law of the case for purposes of assessing the sufficiency of the evidence. *See State v. Schwartz*, 7 N.W.3d 756, 764 (Iowa 2024).

### A.      Factual Background

Viewing the evidence in the light most favorable to the State, reasonable jurors could find the following facts. On the morning of October 1, 2023, a man parked an orange SUV with Wisconsin license plates in front of a residence in Waukon. The owners of the residence kept an eye on the man, as they found his actions suspicious. Eventually, they saw the man load a backpack with items from the SUV and then walk to the next block carrying the backpack and a four-pack of wine coolers.

One of the homeowners called the police. When the police ran the SUV's license number, it came back as a stolen vehicle. The SUV was last seen in its owner's driveway in LaCrosse, Wisconsin three days earlier. The SUV's owner, who was in jail at the time, learned it was missing and reported the theft the day before the vehicle was found in Waukon.

The Waukon police began looking for the man and found him at a home a couple blocks away from where the SUV was parked. When an officer attempted to talk to him, the man fled on foot. Officers caught the man—Heiller—in a garage a few blocks away. The officers found the key to the SUV on the floor of the garage and arrested Heiller.

The SUV's owner came to retrieve the SUV several weeks later. He provided valid identification, the vehicle's registration, and proof of insurance. An officer showed the SUV owner a photo of Heiller. The man told the officer he did not know Heiller, did not recognize him, did not recognize his name, and had not sold the SUV to him.

## B.    Intent to Deprive

Heiller challenges the sufficiency of the evidence supporting the jury's finding as to the second element—specifically, that he intended to deprive the owner of the SUV.[1] Other than an argument that the State failed to prove that he took the SUV with the intent to deprive the owner of it in Iowa—a territorial-jurisdiction challenge we have already rejected—Heiller makes no substantive argument as to how the evidence is insufficient to establish he intended to deprive the owner of the SUV. Without a substantive argument, we deem this issue forfeited, so we do not consider it further. *See State v. Jackson*, 4 N.W.3d 298, 311 (Iowa 2024) ("A party forfeits an issue on appeal when the party fails to make more than a perfunctory argument in support of the issue.").

---

[1] Our supreme court has interpreted the "intent to deprive" requirement in Iowa Code section 714.1(1) (2023) to mean an intent to permanently deprive. *State v. Schminkey*, 597 N.W.2d 785, 788–89 (Iowa 1999). Element number two of the marshaling instruction given in this case makes no reference to intent to "permanently" deprive, nor is that concept explained in other instructions. As no objection was made to these omissions from the instructions, the instructions became the law of the case for purposes of Heiller's sufficiency challenge, *see Schwartz*, 7 N.W.3d at 764, so we analyze the sufficiency based on the charge as marshaled. But, by doing so, we do not endorse the failure to incorporate the concept of permanent deprivation in the jury instructions.

**C.    Claim of Right**

For his final challenge, Heiller contends he proved a claim-of-right defense and the charges against him should be dismissed.  This defense is codified at Iowa Code section 714.4, which provides:

> No person who takes, obtains, disposes of, or otherwise uses or acquires property, is guilty of theft by reason of such act if the person reasonably believes that the person has a right, privilege or license to do so, or if the person does in fact have such right, privilege or license.

In support of this defense, Heiller testified that he purchased the SUV in Brownsville[2] from an acquaintance about eleven hours before he was apprehended in Waukon.  The acquaintance reportedly knew the SUV's owner and was selling it for the owner because the owner was in jail and needed bail money.  Heiller testified that he gave the acquaintance $3500 and his boat in exchange for the SUV.  Heiller paid extra to keep the license plates on the SUV to get around the need to register the vehicle—a problem for Heiller due to his lack of a driver's license.  According to Heiller, the acquaintance told him the paperwork was in the glove compartment.  He testified that he drove the SUV to Waukon to pick up a separate car he had purchased from a friend, but he parked a couple blocks away because he "kn[e]w better than to park any of [his] vehicles in front of that house" because he believed the police in Waukon would pull over anybody whose vehicle was seen at the friend's house.  He explained he ran from the police because he was drunk and had "a couple ounces of marijuana" on him.

---

[2] The record does not disclose a state in which Brownsville is located.

The district court instructed the jury on Heiller's claim-of-right defense, using language that tracked with section 714.4. The jury clearly rejected the defense by finding Heiller guilty.

Heiller challenges the sufficiency of the evidence, contending there is no evidence in the record disputing his testimony.[3] We reject Heiller's challenge. The jury was not obligated to believe Heiller's testimony. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive."). And there was evidence that disputed Heiller's version of events—some of which included Heiller's own testimony. Heiller admitted that he knew the acquaintance selling him the SUV was not the owner but took possession anyway. Even though he valued the cash and boat given in exchange for the SUV at $8000, Heiller never bothered to test drive the SUV. He also claims the acquaintance told him the paperwork for the sale was in the glove box, but he never bothered to check. He took no steps to assert ownership, including making any plan to register the vehicle. In fact, he paid extra to persuade the acquaintance to keep the plates on the vehicle to hide the fact that Heiller purchased it. When he arrived in Waukon, Heiller purposely parked away from his friend's house to avoid attention on the vehicle that might lead the police to stop him. Further, the

---

[3] As part of his challenge, Heiller complains that the State introduced evidence that improperly commented on Heiller's exercise of his Fifth Amendment right to remain silent. But Heiller did not object to introduction of the evidence about which he now complains. And, even if he had, the evidence was admitted, and when we assess a sufficiency challenge, we consider all evidence in the record, including evidence claimed to have been improperly admitted. *See State v. Dullard*, 668 N.W.2d 585, 597 (Iowa 2003).

owner of the SUV proved ownership of, registration of, and insurance on the SUV when retrieving it. The owner also reported it stolen, and he did not know Heiller, did not recognize him, and did not participate in transferring the vehicle to Heiller. Finally, Heiller ran when contacted by police, which is "circumstantial evidence of consciousness of guilt that is probative of guilt itself." *See State v Wilson*, 878 N.W.2d 203, 211 (Iowa 2016). Under the circumstances, the jury was free to conclude that Heiller's actions were not those of someone with the right to possess the vehicle and to disbelieve Heiller's assertion of claim of right.

Viewing the evidence in the light most favorable to the State, we reject Heiller's challenge to the sufficiency of the evidence. We affirm his conviction.

**AFFIRMED.**

All judges concur except Tabor, C.J., who dissents.

**TABOR, C.J. (dissenting)**

"I think it's important to clarify that Mr. Heiller was not charged with stealing the automobile. That would be a matter for Wisconsin since that was the place where the theft actually took place. Mr. Heiller was charged with being in possession of stolen property . . . ." So claimed the prosecutor in responding to Heiller's motion for a new trial. The prosecutor was wrong about the charge—Heiller was charged with and convicted of theft by taking, not exercising control over stolen property. *Compare* Iowa Code § 714.1(1) (2023), *with id*. § 714.1(4). But the prosecutor was right about territorial jurisdiction. Wisconsin, not Iowa, had state criminal jurisdiction over Heiller's theft by taking. On these facts, I respectfully dissent for the same reasons explained in *State v. Heiller*, No. 24-0169. I would reverse Heiller's conviction for second-degree theft because the State of Iowa lacked territorial jurisdiction to prosecute him for taking the Volkswagen Tiguan from its owner in Wisconsin.

In my view, we must hold the State to its burden to prove beyond a reasonable doubt that at least one element of theft by taking occurred in Iowa. *See State v. Liggins*, 524 N.W.2d 181, 184–85 (Iowa 1994) ("The State is required to prove territorial jurisdiction beyond a reasonable doubt."); *see also State v. Wagner*, 596 N.W.2d 83, 86 (Iowa 1999) (discussing territorial jurisdiction under Iowa Code section 803.1(1)(a)). Addressing territorial jurisdiction is also consistent with *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022), which decided: "A defendant's trial and the imposition of sentence following a guilty verdict are sufficient to preserve error with respect to any challenge to the sufficiency of the evidence raised on direct appeal."

The State's evidence showed that the Volkswagen's owner reported the vehicle stolen in LaCrosse, Wisconsin. In resisting the motion for judgment of acquittal, the prosecutor recognized that the location of the taking posed a problem:

> I'd like to make the distinction that the crime being alleged here is not the actual stealing of the car in Wisconsin. The crime alleged is that Mr. Heiller is in possession of stolen property.
> I believe that the evidence presented, including the testimony from multiple law enforcement officers, that a report was given to them of the vehicle being stolen from LaCrosse PD certainly is enough to establish that this was an item that had been stolen, and the testimony given would meet the State's burden to prove that particular issue.

Yet contrary to the prosecutor's distinction, the court instructed the jury on the elements of theft by taking, not on the elements of exercising control over stolen property.[4]

Here's the marshalling instruction:

2nd Degree Theft of a 2018 Volkswagen Tiguan SUV – Elements

The State must prove all the following elements of 2nd Degree Theft:

> 1. On or about the 1st day of October, 2023, the defendant took possession or control of a 2018 Volkswagen Tiguan SUV. . . .
> 2. The defendant did so with the intent to deprive the owner of the 2018 Volkswagen Tiguan SUV. . . .
> 3. The property, at the time of the taking, belonged to or was in the possession of its owner.

---

[4] Likewise, the trial information charged Heiller with theft by taking in violation of Iowa Code section 714.1(1), not theft by exercising control over stolen property under section 714.1(4). The theft-by-taking subsection is not intended to be "a catch-all provision." *State v. Nall*, 894 N.W.2d 514, 524 (Iowa 2017).

All three elements focus on the time of the taking, which occurred in Wisconsin. So Heiller argues "there is no evidence that Heiller committed theft by taking of the motor vehicle in Iowa."

On appeal, the State takes a different position than the trial prosecutor.[5] The State now recognizes that the marshaling instruction alleged theft by taking. But it emphasizes:

> [T]he jury instruction does not provide a location as to where Heiller took possession of or took control of the vehicle. This instruction, right or wrong is law of the case. [State v.] Taggart, 430 N.W.2d [423,] 425 [(Iowa 1988)] (the failure to timely object to an instruction not only waives the right to assert error on appeal, but also "the instruction, right or wrong, becomes the law of the case").

Like the majority, the State ignores the principle from State v. Rimmer and Liggins that territorial jurisdiction cannot be waived. 877 N.W.2d 652, 663 (Iowa 2016); see 524 N.W.2d at 185 (contrasting territorial jurisdiction and venue). The law-of-the-case concept the State takes from Taggart rests on waiver, which doesn't apply to territorial jurisdiction. See 430 N.W.2d at 425. Besides, the marshaling instruction for second-degree theft must be read in conjunction with the first instruction, Statement of the Charge, which explained that the theft was alleged to have been committed in Allamakee County, Iowa. See State v. Cooley, 21 N.W.3d 137, 143 (Iowa 2025) ("We review instructions as a whole to determine

---

[5] Because the State did not raise a law-of-the-case issue at the hearing on Heiller's motion for new trial, we should not consider it now. See DeVoss v. State, 648 N.W.2d 56, 63 (Iowa 2002) ("Because error preservation is based on fairness, we think both parties should be bound by the rule. . . . That is, one party should not ambush another by raising issues on appeal, which that party did not raise in the district court.").

their accuracy, with an eye toward whether other instructions have cured a mistake in a different instruction.").

Beyond its waiver argument, the State points to two provisions in Iowa Code section 803.1 that extend territorial jurisdiction to Heiller.[6]  First, the State claims that Iowa has jurisdiction over the theft because one element—possession or control of the Volkswagen—occurred in Iowa.  *See* Iowa Code §§ 803.1(1)(a), 803.1(2).  Second, the State relies on section 803.1(1)(d), which subjects a person to prosecution in this state if "[t]he offense is based upon a statute that specifically prohibits conduct wholly outside of the state, and the conduct bears a reasonable relation to a legitimate state interest, and the person knows or should know that the conduct is likely to affect that interest."  Neither provision subjects Heiller to criminal jurisdiction in Iowa.

On point one, the State pulls out the nouns, "possession" and "control," from the first element of theft, but omits the verb, "took."  The act criminalized in theft by taking is taking.  The State did not prosecute Heiller for exercising control over stolen property.  Because no element of theft by taking occurred in Iowa, sections 803.1(1)(a) and 803.1(2) do not confer jurisdiction.

On point two, the opening question is whether theft by taking is "a statute that specifically prohibits conduct wholly outside of the state."  While section 803.1(1)(d) allows the General Assembly to enact legislation to address conduct outside the state, it has not done so in the theft chapter.  *See generally Torres v.*

---

[6] Like its law-of-the-case argument, the State did not raise these claims in the district court, so we usually would not consider them now.  *See DeVoss*, 648 N.W.2d at 63.  But I will address them because they fail.

*State*, 571 S.W.3d 456, 464 n.1 (Ark. 2019) (discussing the Arkansas legislature's ability to enact legislation addressing conduct out of the state and its omission to do so in its felony-murder statute); *State v. Sumulikoski*, 110 A.3d 856, 867 (N.J. 2015) (acknowledging that a lack of territorial jurisdiction "driven by existing statutory law" can lead to "troubling" outcomes). So that provision does not extend territorial jurisdiction in this case.

The State has a fallback position. Even if Iowa did not have jurisdiction over Heiller for theft by taking, the State maintains that it could prosecute the lesser included offense of operating without the owner's consent. For that offense, the State had to show:

> 1. On or about the 1st day of October, 2023, [Heiller] intentionally took possession or control of an automobile belonging to the respective owner. . . .
> 2. The possession or control was without the consent of the owner.

But, like theft, no element of that offense occurred in Iowa. According to the State's case, Heiller took possession or control of the Volkswagen in Wisconsin. And the lack of consent from the owner in Wisconsin existed at the time of the taking.

I would reverse Heiller's second-degree theft conviction and remand for dismissal.